Opinion filed December 8, 2005












 
 
  
 
 







 
 
  
 
 




Opinion filed December 8, 2005

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh Court of Appeals

                                                                   __________

 

                                                          No. 11-05-00133-CR 

 

                                                    __________

 

                                        WALTER SMITH, Appellant

 

                                                             V.

 

                                        STATE
OF TEXAS, Appellee

 



 

                                         On
Appeal from the 204th District Court

 

                                                          Dallas
County, Texas

 

                                          Trial
Court Cause No. F99-51934-VMQ

 



 

                                                                   O
P I N I O N

 








This is an appeal from a judgment adjudicating
guilt.  Walter Smith originally entered a
plea of guilty to the offense of possession of cocaine with the intent to
deliver.  Appellant also entered a plea
of true to an enhancement allegation.  A
plea bargain agreement was not reached. 
The trial court deferred the adjudication of guilt and placed appellant
on community supervision for 10 years. 
After a hearing on the State=s
motion to adjudicate, the trial court found that appellant had violated the
terms and conditions of his community supervision, revoked the community
supervision, adjudicated appellant=s
guilt, and imposed a sentence of confinement for 25 years.  We affirm.

Appellant=s
court-appointed counsel has filed a motion to withdraw.  The motion is supported by a brief in which
counsel professionally and conscientiously examines the record and applicable
law and states that he has concluded that the appeal is frivolous.  Counsel has provided appellant with a copy of
the brief and advised appellant of his right to review the record and file a
response to counsel=s
brief.  Court-appointed counsel has
complied with the requirements of Anders v. California, 386 U.S. 738
(1967); Stafford v. State, 813 S.W.2d 503 (Tex.Cr.App.1991); High v.
State, 573 S.W.2d 807 (Tex.Cr.App.1978); Currie v. State, 516 S.W.2d
684 (Tex.Cr.App.1974); Gainous v. State, 436 S.W.2d 137
(Tex.Cr.App.1969); Eaden v. State, 161 S.W.3d 173 (Tex.App. - Eastland
2005, no pet=n).

Appellant has filed a response to his counsel=s motion to withdraw.  In his response, appellant challenges the
effectiveness of counsel both on appeal and at trial, contends that his
conviction in a companion case is void, and argues that he has not received the
proper credit for time served in the county jail.  The record before this court does not support
appellant=s
arguments; therefore, appellant=s
contentions are overruled.

Following the procedures outlined in Anders,
we have independently reviewed the record, and we agree that the appeal is
without merit.  We note that TEX. CODE
CRIM. PRO. ANN. art. 42.12, '
5(b) (Vernon Pamph. Supp. 2004 - 2005) precludes an appeal challenging the
trial court=s
determination to proceed with the adjudication of guilt.  Phynes v. State, 828 S.W.2d 1
(Tex.Cr.App.1992); Olowosuko v. State, 826 S.W.2d 940 (Tex.Cr.App.1992).

The motion to withdraw is granted, and the
judgment is affirmed.

 

PER CURIAM

 

December 8, 2005

Do not publish.  See
TEX.R.APP.P. 47.2(b).

Panel
consists of: Wright, C.J., and

McCall,
J., and Strange, J.