Opinion filed January 26,
2012

 

                                                                       In The

                                                                              

  Eleventh
Court of Appeals

                                                                   __________

 

                                                         No. 11-11-00224-CR

                                                    __________

 

                              CESAR
CHAVEZ GARCIA, Appellant

 

                                                             V.

 

                                      STATE
OF TEXAS, Appellee



 

                                    On
Appeal from the 70th District Court

                                                             Ector
County, Texas

                                                   Trial
Court Cause No. A-36,416

 



 

M
E M O R A N D U M    O P I N I O N

Pursuant to a plea agreement, Cesar Chavez Garcia pleaded guilty in 2009 to the offense
of aggravated robbery with a deadly weapon.  The trial court deferred a finding
of guilt, placed him on deferred adjudication community supervision for a term
of five years, and assessed a fine of $500.  In 2011, the State filed a motion
to proceed with an adjudication of guilt, alleging multiple violations of the
terms and conditions of community supervision.  The trial court heard the motion
to proceed on July 7, 2011.  Appellant pleaded “true” to all of the alleged
violations except one that the State abandoned.  At the conclusion of the
hearing, the trial court found the remaining allegations to be true,
adjudicated appellant guilty of the charged offense, and assessed his
punishment at confinement in the Institutional Division of the Texas Department
of Criminal Justice for a term of fifteen years and a fine of $500.  We dismiss
the appeal.

Appellant’s
court-appointed counsel has filed a motion to withdraw.  The motion is
supported by a brief in which counsel professionally and conscientiously
examines the record and applicable law and states that he has concluded that
the appeal is frivolous.  Counsel has provided appellant with a copy of the
brief and advised appellant of his right to review the record and file a
response to counsel’s brief.  A response has not been filed.[1] 
Court-appointed counsel has complied with the requirements of Anders v.
California, 386 U.S. 738 (1967); In re Schulman, 252 S.W.3d 403
(Tex. Crim. App. 2008); Stafford v. State, 813 S.W.2d 503 (Tex. Crim.
App. 1991); High v. State, 573 S.W.2d 807 (Tex. Crim. App. 1978); Currie
v. State, 516 S.W.2d 684 (Tex. Crim. App. 1974); Gainous v. State,
436 S.W.2d 137 (Tex. Crim. App. 1969); and Eaden v. State, 161
S.W.3d 173 (Tex. App.—Eastland 2005, no pet.).

            Following the procedures outlined in Anders
and Schulman, we have independently reviewed the record, and we
agree that the appeal is without merit and should be dismissed.  Schulman,
252 S.W.3d at 409.  In this regard, a plea of true standing alone is sufficient
to support a trial court’s decision to revoke community supervision and proceed
with an adjudication of guilt.  See Moses v. State, 590 S.W.2d 469, 470
(Tex. Crim. App. 1979).

We note that counsel has the responsibility to advise appellant that he may file a
petition for discretionary review with the clerk of the Texas Court of Criminal
Appeals seeking review by that court.  Tex.
R. App. P. 48.4 (“In criminal cases, the attorney representing the
defendant on appeal shall, within five days after the opinion is handed down,
send his client a copy of the opinion and judgment, along with notification of
the defendant’s right to file a pro se petition for discretionary review
under Rule 68.”).  Likewise, this court advises appellant that he may file a
petition for discretionary review pursuant to Tex.
R. App. P. 68.

 The
motion to withdraw is granted, and the appeal is dismissed.  

 

                                                                                                            PER
CURIAM

January 26, 2012

Do not publish. 
See Tex. R. App. P.
47.2(b).

Panel consists of: Wright, C.J.,

McCall, J., and Kalenak, J.









                [1]By
letter, this court granted appellant thirty days in which to exercise his right
to file a response to counsel’s brief.