Milo EADEN, Appellant,

v.

STATE of Texas, Appellee.

No. 11–03–00405–CR.

Court of Appeals of Texas,
Eastland.

Feb. 10, 2005.

Milo Eaden, Lubbock, pro se.

Al Schorre, District Attorney, Eric Kalenak, Assistant, Midland, for appellee.

Panel consists of: ARNOT, C.J., and WRIGHT, J., and McCALL, J.

Opinion

JIM R. WRIGHT, Justice.

Milo Eaden entered pleas of guilty to three counts of delivery of cocaine. There were no plea bargain agreements. The trial court convicted appellant of the three counts and assessed his punishment at 10 years confinement for each offense. Appellant's counsel has filed a motion to withdraw as appellate counsel and has accompanied the motion with a frivolous appeal brief. *See Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). We grant appellate counsel's motion to withdraw and affirm the judgment of the trial court. *Gainous v. State*, 436 S.W.2d 137 (Tex.Cr.App.1969).

We take this opportunity to set forth this court's position when court-appointed appellate counsel claims that an appeal is frivolous. All references to counsel in this opinion refer to court-appointed counsel only.

■ An indigent defendant is entitled to the effective assistance of counsel on appeal. *Yates v. State*, 557 S.W.2d 115 (Tex. Cr.App.1977). The law requires that court-appointed appellate counsel file a brief on behalf of appellant. *Anders v. California, supra.*

■ If counsel makes a professional, conscientious examination and evaluation of the record and determines that an appeal is wholly frivolous, counsel should so advise the appellate court and request permission to withdraw as counsel on appeal. *Anders v. California, supra.* A wholly frivolous appeal is one that "lacks any basis in law or in fact." *See McCoy v. Court of Appeals of Wisconsin*, 486 U.S. 429, 438 n. 10, 108 S.Ct. 1895, 100 L.Ed.2d 440 (1988). We resolve doubtful issues in appellant's favor. *See McCoy v. Court of Appeals of Wisconsin, supra.*

■ Counsel must file a brief in support of the motion to withdraw. In the brief, counsel must make references to the appellate record as well as to any applicable statutes, rules, and cases that lead counsel to the conclusion that the appeal is frivolous. *Sowels v. State*, 45 S.W.3d 690, 691 (Tex.App.-Waco 2001, no pet'n). The brief must contain references to anything in the record that might arguably support the appeal, even though counsel believes that the appeal is frivolous. *Anders v. California, supra; Stafford v. State*, 813 S.W.2d 503 (Tex.Cr.App.1991).

■ Counsel is not required to make arguments that would not be made on behalf of a client who has retained counsel for the appeal; counsel is not required to make arguments for which there is no merit. *Currie v. State*, 516 S.W.2d 684 (Tex.Cr.App.1974). If counsel concludes that there are no arguable grounds for appeal, then counsel should so state and should make references to the record, statutes, and cases which support that conclusion. *Stafford v. State, supra; High v. State*, 573 S.W.2d 807 (Tex.Cr.App.1978). When discussing the record, counsel must discuss the evidence introduced at trial and must provide the appellate court "with ready references to the record." *Stafford v. State, supra* at 510 n. 3; *High v. State, supra.* Conclusory statements in the brief are insufficient. *Anders v. California, supra; High v. State, supra; Currie v. State, supra.*

■ Counsel must furnish a copy of the motion to withdraw and a copy of the brief to appellant and must advise appellant of his right to review the record and to file a pro se brief. In this court, the clerk will notify appellant of the time allowed for him to file a pro se brief in which

he may raise any points that he chooses. *Anders v. California, supra.* Counsel must certify or otherwise show this court that appellant has been furnished with a copy of the motion and brief and that appellant has been advised of his right to obtain the record and to file a pro se brief.

After appellant has raised the points that he wishes to raise or the time has passed for him to do so, the appellate court must conduct an independent examination of the proceedings and determine whether the appeal is wholly frivolous. *Anders v. California, supra.* If the court finds that the appeal is wholly frivolous and that there are no arguable grounds for appeal, it will grant the motion to withdraw and affirm the judgment of the trial court. *Anders v. California, supra.* If the court determines that there are arguable grounds, it will abate the appeal and remand the cause to the trial court with instructions that the trial court appoint new and different counsel to represent appellant on appeal to present those arguable grounds, as well as any others that new counsel might wish to present. *Stafford v. State, supra.* We will not make a decision on the merits of any issue, except to determine that an appeal is wholly frivolous and that there either are or are not arguable grounds for appeal, in the absence of the appointment of such counsel. *Anders v. California, supra; Stafford v. State, supra.*

In this case, appellant's counsel has filed a motion to withdraw. Counsel has accompanied the motion with a brief in which he concludes, after a professional and conscientious examination and evaluation of the record, that the appeal is wholly frivolous and that there are no arguable grounds for appeal. Counsel has furnished appellant with a copy of the brief and motion and has advised him of his right to file a pro se brief. A pro se brief has not been filed within the time allowed, and no extensions have been requested. Counsel has complied with *Anders.* Although not required to do so, the State's attorney has filed an answer to the motion to withdraw. In the State's answer, it acknowledges the extent of the review set forth in the *Anders* brief and the propriety of the conclusion reached by appellant's attorney. We find the response of the Midland County District Attorney's Office to be very helpful and would suggest that other prosecutors follow this prosecutor's lead and example, with the exception of those portions of the answer which would place continuing burdens upon appellant's counsel after counsel has been allowed to withdraw.

Following the procedures outlines in *Anders,* we have performed a full examination of the proceedings and have determined that the appeal is wholly frivolous and that there are no arguable grounds for appeal. The record shows that appellant entered pleas of guilty and that he testified that he delivered the cocaine on the three occasions as alleged.

Counsel's motion to withdraw is granted, and the judgment of the trial court is affirmed.