11th
Court of Appeals

                                                                  Eastland,
Texas

                                                                        Opinion

 

Pedro
Castillo, Jr.

Appellant

Vs.                   No. 11-03-00181-CR -- Appeal
from Howard County

State
of Texas

Appellee

 

Pedro Castillo, Jr. appeals his conviction by a
jury of the offense of murder.  The jury
assessed his punishment at 22 years confinement in the Texas Department of
Criminal Justice, Institutional Division. 
Castillo=s counsel
has filed a motion to withdraw and has accompanied his motion with a frivolous
appeal brief.  Anders v. California,
386 U.S. 738, 741-42 (1967).  We
affirm.  Gainous v. State, 436
S.W.2d 137, 138 (Tex.Cr.App.1969).  

In his brief, counsel concludes, after a
professional and conscientious examination and evaluation of the record, that
the appeal is frivolous.  Counsel details
the record, discusses the facts and the law, and makes appropriate record
references.  








Castillo=s
attorney raises only one arguable point: 
that the evidence is insufficient to support the conviction because
there is no evidence other than accomplice testimony that Castillo struck the
victim with any object capable of causing death and that there is no evidence
establishing that Castillo=s
striking the victim with his hands and feet either caused, was capable of causing,
or was intended to cause the victim=s
death.  Castillo has filed a pro se brief
in which he presents no issues or points on appeal, merely repeating his
statement as to what occurred at the time of the murder. In a legal sufficiency
review, we view all of the evidence in the light most favorable to the verdict
and then determine whether a rational trier of fact could have found the
essential elements of the crime beyond a reasonable doubt.  See Jackson
v. Virginia, 443 U.S. 307 (1979).  In
a factual sufficiency review, we view all of the evidence in a neutral light;
and we will set the verdict aside only if the evidence is so weak that the
verdict is clearly wrong and manifestly unjust or if the contrary evidence is
so strong that the standard of proof beyond a reasonable doubt could not have
been met.  See Zuniga v. State,
144 S.W.3d 477, 484-85 
(Tex.Cr.App.2004).

As required by Anders and its progeny, we
have conducted an independent examination of the proceedings.  The record reflects that Castillo was tried
for the murder along with two brothers, Terrell Lee Jackman and Michael Scott
Jackman.  Evidence showed that the
deceased, Lennon Everett Lane, died due to massive blunt force injuries after
having been beaten severely.  Castillo
and Michael both admitted participating in some way in the beating.  Castillo sought to show that Terrell was the
one who did most of the beating, while Terrell and Michael had Castillo doing
most of the beating.  

No question is presented as to whether the
evidence is sufficient if the accomplice witnesses=
testimony is taken into consideration. 
Castillo=s counsel
only contends that the evidence might not be sufficient due to inadequate
corroboration of the accomplice testimony. 
TEX. CODE CRIM. PRO. ANN. art. 38.14 (Vernon 2005) requires that, before
a conviction can be obtained based upon the testimony of an accomplice witness,
there must be some corroborating testimony that tends to connect the defendant
with the offense.  To test the
sufficiency of the corroborating testimony, we must eliminate from
consideration the evidence of the accomplice witness and then examine the
evidence of the other witnesses to ascertain if it is of an incriminating
character that tends to connect the defendant with the commission of the
offense.  If there is such evidence, the
corroboration is sufficient.  Losada
v. State, 721 S.W.2d 305, 308 (Tex.Cr.App.1986).  The corroborative testimony need not directly
link the accused to the crime or be sufficient in itself to establish
guilt.  Id.

Castillo acknowledged in a written statement that
he was present and participated in the beating of the deceased.  In his statement, Castillo admitted that he
and the deceased were talking about things that the deceased was saying about
him and that they got involved in a brief fist fight.  While ascribing most of the beating to
Terrell, Castillo said that, after a threat from Terrell, he and Michael kicked
and hit the deceased for awhile until they thought they saw a police officer.








Jimmy Johnson, Castillo=s
brother-in-law, testified that the day after the beating Castillo told him that
he was Arunning
from the cops.@  He admitted to Johnson that they Amessed up somebody.@ 
According to Johnson, when he asked Castillo if they had put the victim
in the hospital, Castillo told him, ANo.
He didn=t make
it.@ 
Johnson indicated that Castillo told him that he had fought the
deceased, hitting him four times. 
Johnson stated that Castillo told him that later he, Terrell, and
Michael all got on the deceased.  

Irene Castillo, Pedro=s
sister, testified that the day after the beating Castillo told her that he,
Michael, and Terrell had messed up.  She
also recalled Pedro saying that Athey
had hit@ the
deceased and had hit him again when he got back up.

Tommy Rodriguez, who was with Castillo at the
juvenile detention center in Midland, testified concerning statements Castillo
had made to him about the beating.  He
said that Castillo told Terrell on the evening of the beating that he was going
to get the deceased for saying bad things about him.  According to Rodriguez, Castillo also told
Terrell that the deceased was messing with his (Castillo=s)
girlfriend.  Rodriguez related that later
Castillo told Terrell that he was going to do something to the deceased and
then he pushed the deceased and started hitting him in the face.  Rodriguez stated that Castillo told him he
punched the deceased in the face a couple of times.  Rodriguez said that Castillo told him that he
wanted the deceased to stay with the group, rather than going home, so that he
could do more to him, beat him up some more.

Rodriguez testified that Castillo told him that he
went to the side of the house where they were, got a pole, and hit the deceased
with it a couple of times.  He recounted
that Castillo said he knocked the deceased to the ground, hitting him with the
pole on the side of his head and the side of his rib cage.  Rodriguez indicated that Castillo told him
that he got a hammer from under the sink and hit the deceased on the back of
his head and then he hit the deceased several times on the back after the
deceased went down.  After the beating, a
hammer with the deceased=s
blood was recovered from Castillo=s
bedroom.  Rodriguez insisted that,
according to Castillo, Terrell, and Michael, both tried to stop him on several
occasions and that Castillo threatened them.

Because the non-accomplice testimony is of an
incriminating character that tends to connect Castillo with the offense, we
find that the accomplice testimony is corroborated as required by Article
38.14.  Consequently, the evidence is
legally and factually sufficient to support Castillo=s
conviction.  

This court has previously granted counsel=s motion to withdraw; that action was
premature.  The order granting the motion
to withdraw is set aside; and, upon timely reconsideration, the motion to
withdraw is now granted.








After making our independent review of the
proceedings, we determine that the possible point raised by counsel is not an
arguable point to present on appeal and that this appeal is wholly
frivolous.   See Anders v. California,
supra; Stafford v. State, 813 S.W.2d 503, 509-10 (Tex.Cr.App.
1991); Eaden v. State, 161 S.W.3d 173, 175 (Tex.App. - Eastland 2005, no
pet=n). 
Counsel has complied with Anders v. California, supra; Stafford
v. State, supra; High v. State, 573 S.W.2d 807, 810
(Tex.Cr.App.1978); Gainous v. State, supra; and Eaden v.
State, supra.

The judgment of the trial court is affirmed.  

 

PER CURIAM

 

August
18, 2005  

Do not
publish.  See TEX.R.APP.P.
47.2(b).

Panel consists of:  Wright, J., and

McCall, J., and Hill J.[1]











[1]John G. Hill, Former Chief Justice, Court of Appeals,
2nd District of Texas at Fort Worth sitting by assignment.