11th
Court of Appeals

                                                                  Eastland,
Texas

                                                                        Opinion

 

Charone
Latrell Hardy

Appellant

Vs.                   No. 11-05-00019-CR -- Appeal from Harris County

State
of Texas

Appellee

 

 The trial
court convicted Charone Latrell Hardy, upon his plea of guilty, of aggravated
sexual assault.  A plea bargain agreement
was not reached.  The trial court
assessed punishment at confinement for life. 
We affirm.

Appellant=s
court-appointed counsel has filed a motion to withdraw.  The motion is supported by a brief in which
counsel professionally and conscientiously examines the record and applicable
law and states that he has concluded that the appeal is frivolous.  Counsel has provided appellant with a copy of
the brief and advised appellant of his right to review the record and file a
response to counsel=s
brief.  Court-appointed counsel has
complied with the requirements of Anders v. California, 386 U.S. 738
(1967); Stafford v. State, 813 S.W.2d 503 (Tex.Cr.App.1991); High v.
State, 573 S.W.2d 807 (Tex.Cr.App.1978); Currie v. State, 516 S.W.2d
684 (Tex.Cr.App.1974); Gainous v. State, 436 S.W.2d 137
(Tex.Cr.App.1969); Eaden v. State, 161 S.W.3d 173 (Tex.App. - Eastland
2005, no pet=n).








Appellant has filed a response in which he
contends that he was denied effective assistance during the time period to file
a motion for new trial, that the trial court erred by failing to sua sponte
withdraw his plea of guilty, and that his guilty plea was not knowingly and
voluntarily made because the trial court did not properly admonish him
concerning the range of punishment. 
Appellant states that he would not have entered a plea of guilty and
would not have participated in the presentence investigation report if he had
known that he was not eligible for court-ordered community supervision.  Appellant contends that the record supports
his statement that both his trial counsel and the trial court led him to
believe that, if he entered an open plea of guilty and participated in the
presentence investigation report, he would be placed on community
supervision.  The record before this
court does not support appellant=s
allegations.

The clerk=s
record reflects that the trial court admonished appellant pursuant to TEX. CODE
CRIM. PRO. ANN. art. 26.13 (Vernon Supp. 2004 - 2005) and included an
admonishment on the proper range of punishment. 
The clerk=s record
further  reflects that appellant waived a
court re-porter at the punishment hearing. 
Nothing in the record supports appellant=s
contentions that the trial court should have sua sponte withdrawn his guilty
plea, that he was not properly admonished, or that his guilty plea was not
knowingly and voluntarily entered.

Following the procedures outlined in Anders,
we have independently reviewed the record, and we agree that the appeal is
without merit. 

The motion to withdraw is granted, and the
judgment is affirmed.

 

PER CURIAM

 

September 29, 2005

Do not publish.  See
TEX.R.APP.P. 47.2(b).

Panel
consists of:  Wright, J., and McCall, J.[1]











[1]W. G. Arnot, III, Chief Justice,
retired effective July 31, 2005.  The
chief justice position is vacant.