Opinion filed April 24, 2008











 
 
  
 
 







 
 
  
 
 




Opinion filed April 24, 2008

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh
Court of Appeals

                                                                 ____________

 

                                                          No. 11-07-00364-CR

                                                    __________

 

                                 RUTH LENORE RHODES, Appellant

                                                             V.

                                         STATE
OF TEXAS, Appellee

 



 

                                         On
Appeal from the 244th District Court

                                                           Ector
County, Texas

                                                 Trial
Court Cause No. C-33,246

 



 

                                             M
E M O R A N D U M  O P I N I O N

The
trial court convicted Ruth Lenore Rhodes, upon her plea of guilty, of the
offense of possession of less than one gram of cocaine.  Pursuant to the plea
bargain agreement, the trial court assessed her punishment at confinement for
one year in a state jail facility.  We affirm.

Appellant=s court-appointed counsel
has filed a motion to withdraw.  The motion is supported by a brief in which
counsel professionally and conscientiously examines the record and applicable
law and states that he has concluded that the appeal is frivolous.  Counsel
presents one arguable issue.








Counsel
contends that the trial court erred by depriving appellant of a competency
hearing that was Auncluttered@ by evidence of the
underlying offense.  The record does not support this contention.  The record
reflects that appellant failed to appear in person for a pretrial hearing and
that her bond was then forfeited.  At the hearing on her guilty plea, appellant
appeared in person and informed the trial court that she was currently taking
Prozac.  Appellant further informed the trial court that, while she was on
Prozac, she understood what was happening, that she was Aall right,@
and that her ability to understand had not been affected.  The record
affirmatively reflects that appellant understood what was happening.  Nothing
in the record supports the contention that a competency hearing would have been
appropriate.  The potential issue is overruled.

Counsel
has provided appellant with a copy of the brief and advised appellant of her
right to review the record and file a response to counsel=s brief.  A response has
not been filed.  Court-appointed counsel has complied with the requirements of Anders
v. California, 386 U.S. 738 (1967); Stafford v. State, 813 S.W.2d
503 (Tex. Crim. App. 1991); High v. State, 573 S.W.2d 807 (Tex. Crim.
App. 1978); Currie v. State, 516 S.W.2d 684 (Tex. Crim. App. 1974); Gainous
v. State, 436 S.W.2d 137 (Tex. Crim. App. 1969); and Eaden v. State,
161 S.W.3d 173 (Tex. App.CEastland
2005, no pet.).

Following
the procedures outlined in Anders, we have independently reviewed the
record, and we agree that the appeal is without merit. We note that counsel has
the responsibility to advise appellant within five days from the date of this
opinion that appellant may file a petition for discretionary review by the
Texas Court of Criminal Appeals.  Tex.
R. App. P. 48.4; Ex parte Owens,
206 S.W.3d 670 (Tex. Crim. App. 2006).  Likewise, this court advises appellant
that she may file a  petition for discretionary review pursuant to Tex. R. App. P. 66.  Black v. State,
217 S.W.3d 687 (Tex. App.CEastland
2007, no pet.).

The
motion to withdraw is granted, and the judgment is affirmed.

 

PER CURIAM

 

April 24, 2008

Do not publish. 
See Tex. R. App. P. 47.2(b).

Panel consists of:  Wright, C.J.,

McCall, J., and Strange, J.