**Opinion filed March 19, 2009**



In The

# Eleventh Court of Appeals

———

## No. 11-08-00211-CV

———

## IN THE INTEREST OF S.L.S. AND S.A.S., CHILDREN

**On Appeal from the 35th District Court**

**Brown County, Texas**

**Trial Court Cause No. DV0408166**

## M E M O R A N D U M   O P I N I O N

Gary Lee Strickland appeals from the trial court's order terminating his parental rights. We affirm.

Appellant's court-appointed counsel has filed a motion to withdraw. The motion is supported by a brief in which counsel professionally and conscientiously examines the record and applicable law and states that he has concluded that the appeal is frivolous. Counsel has provided appellant with a copy of the brief and advised appellant of his right to review the record and file a response to counsel's brief. A response has been filed. Court-appointed counsel has complied with the requirements of *Anders v. California*, 386 U.S. 738 (1967); *In re Schulman*, 252 S.W.3d 403(Tex. Crim. App. 2008); *In re A.V*, 113 S.W.3d 355 (Tex. 2003)*; Stafford v. State*, 813 S.W.2d 503 (Tex. Crim. App. 1991); *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. 1978); *Currie v. State*, 516 S.W.2d 684 (Tex. Crim. App. 1974); *Gainous v. State*, 436 S.W.2d 137 (Tex. Crim. App. 1969); *Eaden v. State*, 161 S.W.3d 173 (Tex. App.—Eastland 2005, no pet.).

In his response, Strickland contends that no evidence was presented at trial to support the involuntary termination of his parental rights and that there was no evidence presented that it was in the best interest of the children that his rights be terminated. We disagree. The record reflects that Strickland had been confined in prison for burglary and arson since 2004; that he had a parole and expected release date of May 28, 2008; that his parole had been denied; that a new parole and release date had been set for 2010; that Strickland was in prison when S.A.S. was born; and that he had not seen either child since he went to prison. The record further reflects that Strickland had failed to provide any support in "any way" for either child. The record further reflects that S.L.S. was five years old at the time of the hearing, suffered from severe disabilities including brain damage and seizures that resulted from an illness when she was one month old, and had been in her maternal grandmother's care since she was six months old. Strickland's convictions resulted from breaking into the maternal grandmother's home, stealing shotguns and jewelry, and burning the maternal grandmother's husband's pickup. There was also testimony that Strickland threw a brick at the maternal grandmother, hitting the vehicle she was in at the time. The trial court entered findings that the clear and convincing evidence established that Strickland engaged in conduct that endangered the physical or emotional well-being of the children, that he knowingly engaged in criminal conduct that resulted in his conviction of an offense and confinement or imprisonment and inability to care for the children for not less than two years from the 2007 date the petition to terminate was filed, and that termination was in the best interest of the children. The record supports the trial court's findings. Strickland's contentions are overruled.

Following the procedures outlined in *Anders*, we have independently reviewed the record, and we agree that the appeal is without merit.

The motion to withdraw is granted, and the judgment is affirmed.

PER CURIAM

March 19, 2009

Panel consists of: Wright, C.J.,
McCall, J., and Strange, J.

2