Opinion filed January 20,
2011

 

                                                                       In The

                                                                              

  Eleventh
Court of Appeals

                                                                   __________

 

                                                         No. 11-10-00277-CR

                                                    __________

 

                               JERRY
DON HARRISON, Appellant

 

                                                             V.

 

                                      STATE
OF TEXAS, Appellee



 

                                    On
Appeal from the 29th District Court

                                                         Palo
Pinto County, Texas

                                                      Trial
Court Cause No. 13419

 



 

                                            M
E M O R A N D U M    O P I N I O N

            Pursuant to a plea agreement, appellant, Jerry Don Harrison, pleaded guilty in 2009 to
the offense of aggravated sexual assault of a child.  The trial court deferred
a finding of guilt and placed him on deferred adjudication community
supervision for ten years.  The trial court additionally assessed a fine of
$4,000.  In 2010, the State filed a motion to proceed with an adjudication of
guilt alleging multiple violations of the terms and conditions of community
supervision.  At the outset of the hearing on the State’s motion to adjudicate,
appellant pleaded “true” to the violations alleged by the State.  The trial
court subsequently found the allegations to be true, adjudicated appellant
guilty of the charged offense, and assessed his punishment at confinement in
the Institutional Division of the Texas Department of Criminal Justice for a
term of forty years.  The trial court also reassessed the original fine of
$4,000.  We dismiss the appeal.

Appellant’s
court-appointed counsel has filed a motion to withdraw. The motion is supported
by a brief in which counsel professionally and conscientiously examines the record
and applicable law and states that he has concluded that the appeal is
frivolous.  Counsel has provided appellant with a copy of the brief and advised
appellant of his right to review the record and file a response to counsel’s
brief.  A response has not been filed.[1] 
Court-appointed counsel has complied with the requirements of Anders v.
California, 386 U.S. 738 (1967); In re Schulman, 252 S.W.3d 403
(Tex. Crim. App. 2008); Stafford v. State, 813 S.W.2d 503 (Tex. Crim.
App. 1991); High v. State, 573 S.W.2d 807 (Tex. Crim. App. 1978); Currie
v. State, 516 S.W.2d 684 (Tex. Crim. App. 1974); Gainous v. State,
436 S.W.2d 137 (Tex. Crim. App. 1969); and Eaden v. State, 161
S.W.3d 173 (Tex. App.—Eastland 2005, no pet.).

 Following the procedures outlined in Anders and Schulman,
we have independently reviewed the record, and we agree that the appeal is
without merit and should be dismissed.  Schulman, 252 S.W.3d at 409.  We
note that counsel has the responsibility to advise appellant that he may file a
petition for discretionary review by the Texas Court of Criminal Appeals.  Tex. R. App. P. 48.4 (“In criminal
cases, the attorney representing the defendant on appeal shall, within five
days after the opinion is handed down, send his client a copy of the opinion
and judgment, along with notification of the defendant’s right to file a pro se
petition for discretionary review under Rule 68.”).  Likewise, this court
advises appellant that he may file a petition for discretionary review pursuant
to Tex. R. App. P. 68.  

The
motion to withdraw is granted, and the appeal is dismissed.  

 

 

                                                                                                PER
CURIAM

 

January 20, 2011

Do not publish. 
See Tex. R. App. P.
47.2(b).

Panel consists of:  Wright, C.J.,

McCall, J., and Strange, J.









                [1]By letter, this court granted appellant thirty days in
which to exercise his right to file a response to counsel’s brief, should he be
so inclined.  Appellant did not file a response.

.