**Opinion filed January 20, 2011**



# In The

# Eleventh Court of Appeals

_____

## No. 11-10-00277-CR

_____

## JERRY DON HARRISON, Appellant

## V.

## STATE OF TEXAS, Appellee

**On Appeal from the 29th District Court**
**Palo Pinto County, Texas**
**Trial Court Cause No. 13419**

### M E M O R A N D U M   O P I N I O N

Pursuant to a plea agreement, appellant, Jerry Don Harrison, pleaded guilty in 2009 to the offense of aggravated sexual assault of a child. The trial court deferred a finding of guilt and placed him on deferred adjudication community supervision for ten years. The trial court additionally assessed a fine of $4,000. In 2010, the State filed a motion to proceed with an adjudication of guilt alleging multiple violations of the terms and conditions of community supervision. At the outset of the hearing on the State's motion to adjudicate, appellant pleaded "true" to the violations alleged by the State. The trial court subsequently found the allegations to be true, adjudicated appellant guilty of the charged offense, and assessed his punishment at

confinement in the Institutional Division of the Texas Department of Criminal Justice for a term of forty years. The trial court also reassessed the original fine of $4,000. We dismiss the appeal.

Appellant's court-appointed counsel has filed a motion to withdraw. The motion is supported by a brief in which counsel professionally and conscientiously examines the record and applicable law and states that he has concluded that the appeal is frivolous. Counsel has provided appellant with a copy of the brief and advised appellant of his right to review the record and file a response to counsel's brief. A response has not been filed.[1] Court-appointed counsel has complied with the requirements of *Anders v. California*, 386 U.S. 738 (1967); *In re Schulman*, 252 S.W.3d 403 (Tex. Crim. App. 2008); *Stafford v. State*, 813 S.W.2d 503 (Tex. Crim. App. 1991); *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. 1978); *Currie v. State*, 516 S.W.2d 684 (Tex. Crim. App. 1974); *Gainous v. State*, 436 S.W.2d 137 (Tex. Crim. App. 1969); and *Eaden v. State*, 161 S.W.3d 173 (Tex. App.—Eastland 2005, no pet.).

Following the procedures outlined in *Anders* and *Schulman*, we have independently reviewed the record, and we agree that the appeal is without merit and should be dismissed. *Schulman*, 252 S.W.3d at 409. We note that counsel has the responsibility to advise appellant that he may file a petition for discretionary review by the Texas Court of Criminal Appeals. TEX. R. APP. P. 48.4 ("In criminal cases, the attorney representing the defendant on appeal shall, within five days after the opinion is handed down, send his client a copy of the opinion and judgment, along with notification of the defendant's right to file a pro se petition for discretionary review under Rule 68."). Likewise, this court advises appellant that he may file a petition for discretionary review pursuant to TEX. R. APP. P. 68.

The motion to withdraw is granted, and the appeal is dismissed.


PER CURIAM

January 20, 2011

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
McCall, J., and Strange, J.

---

[1] By letter, this court granted appellant thirty days in which to exercise his right to file a response to counsel's brief, should he be so inclined. Appellant did not file a response.
.