**Opinion filed December 1, 2011**



# In The

# Eleventh Court of Appeals

_____

## No. 11-11-00171-CR
_____

## JACOB LYNN MARSH, Appellant
## V.
## STATE OF TEXAS, Appellee

**On Appeal from the 220th District Court**

**Comanche County, Texas**

**Trial Court Cause No. CCCR-10-03262**

## M E M O R A N D U M   O P I N I O N

Pursuant to a plea agreement, Jacob Lynn Marsh pleaded guilty in 2010 to the offense of sexual assault of child. The trial court deferred a finding of guilt and placed him on deferred adjudication community supervision for a term of ten years. In May 2011, the State filed a motion to proceed with an adjudication of guilt alleging multiple violations of the terms and conditions of community supervision. Specifically, the State alleged the following violations in the motion to proceed: (1) that appellant failed to successfully complete 300 hours of community service at the rate of eight hours per month; (2) that appellant entered in, on, or within 300 yards of any premises owned, rented, or leased by a public/private or secondary school; and (3) that appellant had unsupervised contact with a minor child under the age of seventeen without permission from the court.

The trial court heard the motion to proceed on June 13, 2011. Appellant pleaded "not true" to all of the alleged violations. At the conclusion of the hearing, the trial court found all of

the allegations to be true, adjudicated appellant guilty of the charged offense, and assessed his punishment at confinement in the Institutional Division of the Texas Department of Criminal Justice for a term of twelve years. The trial court additionally imposed a fine of $5,000. We dismiss the appeal.

Appellant's court-appointed counsel has filed a motion to withdraw. The motion is supported by a brief in which counsel professionally and conscientiously examines the record and applicable law and states that he has concluded that the appeal is frivolous. Counsel has provided appellant with a copy of the brief and advised appellant of his right to review the record and file a response to counsel's brief. A response has not been filed.[1] Court-appointed counsel has complied with the requirements of *Anders v. California*, 386 U.S. 738 (1967); *In re Schulman*, 252 S.W.3d 403 (Tex. Crim. App. 2008); *Stafford v. State*, 813 S.W.2d 503 (Tex. Crim. App. 1991); *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. 1978); *Currie v. State*, 516 S.W.2d 684 (Tex. Crim. App. 1974); *Gainous v. State*, 436 S.W.2d 137 (Tex. Crim. App. 1969); and *Eaden v. State*, 161 S.W.3d 173 (Tex. App.—Eastland 2005, no pet.).

Following the procedures outlined in *Anders* and *Schulman*, we have independently reviewed the record, and we agree that the appeal is without merit and should be dismissed. *Schulman*, 252 S.W.3d at 409.

We note that counsel has the responsibility to advise appellant that he may file a petition for discretionary review with the clerk of the Texas Court of Criminal Appeals seeking review by that court. TEX. R. APP. P. 48.4 ("In criminal cases, the attorney representing the defendant on appeal shall, within five days after the opinion is handed down, send his client a copy of the opinion and judgment, along with notification of the defendant's right to file a *pro se* petition for discretionary review under Rule 68."). Likewise, this court advises appellant that he may file a petition for discretionary review pursuant to TEX. R. APP. P. 68.

The motion to withdraw is granted, and the appeal is dismissed.


December 1, 2011                                                    PER CURIAM

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
McCall, J., and Kalenak, J.

---

[1]By letter, this court granted appellant thirty days in which to exercise his right to file a response to counsel's brief.