**Opinion filed February 2, 2012**



In The

# Eleventh Court of Appeals

_____

## No. 11-11-00245-CR
_____

## ALEX JIMENEZ, Appellant

## V.

## STATE OF TEXAS, Appellee

On Appeal from the 106th District Court

Dawson County, Texas

Trial Court Cause No. 08-6797

## M E M O R A N D U M   O P I N I O N

Pursuant to a plea agreement, Alex Jimenez pleaded guilty in 2008 to the offense of theft (third-degree). The trial court deferred a finding of guilt, placed him on deferred adjudication community supervision for a term of five years, and assessed a $500 fine. In 2010, the State filed a motion to proceed with an adjudication of guilt, alleging multiple violations of the terms and conditions of community supervision. The trial court heard the motion to proceed on August 24, 2011. The State offered evidence in support of the alleged violations. At the conclusion of the hearing, the trial court found the alleged violations to be true, adjudicated

appellant guilty of the charged offense, and assessed his punishment at confinement in the Institutional Division of the Texas Department of Criminal Justice for a term of ten years and a fine of $500. We dismiss the appeal.

Appellant's court-appointed counsel has filed a motion to withdraw. The motion is supported by a brief in which counsel professionally and conscientiously examines the record and applicable law and states that he has concluded that the appeal is frivolous. Counsel has provided appellant with a copy of the brief and advised appellant of his right to review the record and file a response to counsel's brief. A response has not been filed.[1] Court-appointed counsel has complied with the requirements of *Anders v. California*, 386 U.S. 738 (1967); *In re Schulman*, 252 S.W.3d 403 (Tex. Crim. App. 2008); *Stafford v. State*, 813 S.W.2d 503 (Tex. Crim. App. 1991); *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. 1978); *Currie v. State*, 516 S.W.2d 684 (Tex. Crim. App. 1974); *Gainous v. State*, 436 S.W.2d 137 (Tex. Crim. App. 1969); and *Eaden v. State*, 161 S.W.3d 173 (Tex. App.—Eastland 2005, no pet.).

Following the procedures outlined in *Anders* and *Schulman*, we have independently reviewed the record, and we agree that the appeal is without merit and should be dismissed. *Schulman*, 252 S.W.3d at 409.

We note that counsel has the responsibility to advise appellant that he may file a petition for discretionary review with the clerk of the Texas Court of Criminal Appeals seeking review by that court. TEX. R. APP. P. 48.4 ("In criminal cases, the attorney representing the defendant on appeal shall, within five days after the opinion is handed down, send his client a copy of the opinion and judgment, along with notification of the defendant's right to file a *pro se* petition for discretionary review under Rule 68."). Likewise, this court advises appellant that he may file a petition for discretionary review pursuant to TEX. R. APP. P. 68.

The motion to withdraw is granted, and the appeal is dismissed.


PER CURIAM

February 2, 2012

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
McCall, J., and Kalenak, J.

---

[1]By letter, this court granted appellant thirty days in which to exercise his right to file a response to counsel's brief.