Opinion filed February 2,
2012

 

                                                                       In The

                                                                              

  Eleventh
Court of Appeals

                                                                   __________

 

                                                         No. 11-11-00245-CR

                                                    __________

 

                                       ALEX
JIMENEZ, Appellant

 

                                                             V.

 

                                        
STATE OF TEXAS, Appellee



 

                                   On
Appeal from the 106th District Court

 

                                                          Dawson
County, Texas

 

                                                    Trial
Court Cause No. 08-6797

 



 

M
E M O R A N D U M    O P I N I O N

Pursuant to a plea agreement, Alex Jimenez pleaded guilty in 2008 to the offense of theft
(third-degree).  The trial court deferred a finding of guilt, placed him on
deferred adjudication community supervision for a term of five years, and
assessed a $500 fine.  In 2010, the State filed a motion to proceed with an
adjudication of guilt, alleging multiple violations of the terms and conditions
of community supervision.  The trial court heard the motion to proceed on August 24,
2011.  The State offered evidence in support of the alleged violations.  At the
conclusion of the hearing, the trial court found the alleged violations to be
true, adjudicated appellant guilty of the charged offense, and assessed his
punishment at confinement in the Institutional Division of the Texas Department
of Criminal Justice for a term of ten years and a fine of $500.  We dismiss the
appeal.

Appellant’s
court-appointed counsel has filed a motion to withdraw.  The motion is
supported by a brief in which counsel professionally and conscientiously
examines the record and applicable law and states that he has concluded that
the appeal is frivolous.  Counsel has provided appellant with a copy of the
brief and advised appellant of his right to review the record and file a
response to counsel’s brief.  A response has not been filed.[1] 
Court-appointed counsel has complied with the requirements of Anders v.
California, 386 U.S. 738 (1967); In re Schulman, 252 S.W.3d 403
(Tex. Crim. App. 2008); Stafford v. State, 813 S.W.2d 503 (Tex. Crim.
App. 1991); High v. State, 573 S.W.2d 807 (Tex. Crim. App. 1978); Currie
v. State, 516 S.W.2d 684 (Tex. Crim. App. 1974); Gainous v. State,
436 S.W.2d 137 (Tex. Crim. App. 1969); and Eaden v. State, 161
S.W.3d 173 (Tex. App.—Eastland 2005, no pet.).

Following
the procedures outlined in Anders and Schulman, we have
independently reviewed the record, and we agree that the appeal is without
merit and should be dismissed.  Schulman, 252 S.W.3d at 409.  

We note that counsel has the responsibility to advise appellant that he may file a
petition for discretionary review with the clerk of the Texas Court of Criminal
Appeals seeking review by that court. Tex.
R. App. P. 48.4 (“In criminal cases, the attorney representing the
defendant on appeal shall, within five days after the opinion is handed down,
send his client a copy of the opinion and judgment, along with notification of
the defendant’s right to file a pro se petition for discretionary review
under Rule 68.”).  Likewise, this court advises appellant that he may file a
petition for discretionary review pursuant to Tex.
R. App. P. 68.

 The
motion to withdraw is granted, and the appeal is dismissed.  

 

                                                                                                            PER
CURIAM

February 2, 2012

Do not publish. 
See Tex. R. App. P.
47.2(b).

Panel consists of: Wright, C.J.,

McCall, J., and Kalenak, J.









                [1]By letter, this court granted appellant thirty days in
which to exercise his right to file a response to counsel’s brief.