Opinion filed June 14, 2012

 

                                                                       In The

                                                                              

  Eleventh
Court of Appeals

                                                                   __________

 

                                    Nos. 11-11-00276-CR & 11-11-00277-CR

                                                    __________

 

                            MICHAEL
JOSEPH SHEBLE, Appellant

 

                                                             V.

 

                                      STATE
OF TEXAS, Appellee



 

                                   On
Appeal from the 238th District Court 

                                                          Midland
County, Texas

                                       Trial Court Cause
Nos. CR36185 & CR36718

 



 

M
E M O R A N D U M    O P I N I O N

Michael Joseph Sheble was charged in Cause No. 11-11-00276-CR with the felony offense
of impersonating a public servant and was charged in Cause No. 11-11-00277-CR
with the felony offense of retaliation.  He was tried for both offenses in the
same trial.  In Cause No. 11-11-00276-CR, the jury acquitted appellant of
impersonating a public servant but convicted him of the lesser included offense
of false identification as a peace officer, a misdemeanor.  The jury sentenced
him to confinement in the Midland County Jail for a term of 180 days for the
lesser included offense.  In Cause No. 11-11-00277-CR, the jury convicted
appellant of retaliation and assessed his punishment at confinement in the
Institutional Division of the Texas Department of Criminal Justice for a term
of eight years, with the sentence to be probated for ten years.  Appellant
appeals both convictions.  We dismiss the appeals.

Appellant’s
court-appointed counsel has filed a motion to withdraw in both appeals.  The
motion is supported by a brief in which counsel professionally and
conscientiously examines the record and applicable law and states that he has
concluded that the appeals are frivolous.  Counsel has provided appellant with
a copy of the brief and advised appellant of his right to review the record and
file a response to counsel’s brief.  A response has not been filed.[1] 
Court-appointed counsel has complied with the requirements of Anders v.
California, 386 U.S. 738 (1967); In re Schulman, 252 S.W.3d 403
(Tex. Crim. App. 2008); Stafford v. State, 813 S.W.2d 503 (Tex. Crim.
App. 1991); High v. State, 573 S.W.2d 807 (Tex. Crim. App. 1978); Currie
v. State, 516 S.W.2d 684 (Tex. Crim. App. 1974); Gainous v. State,
436 S.W.2d 137 (Tex. Crim. App. 1969); and Eaden v. State, 161
S.W.3d 173 (Tex. App.—Eastland 2005, no pet.).  Following the procedures
outlined in Anders and Schulman, we have independently reviewed
the record, and we agree that the appeals are without merit and should be
dismissed.  Schulman, 252 S.W.3d at 409.  

We note that counsel has the responsibility to advise appellant that he may file a
petition for discretionary review with the clerk of the Texas Court of Criminal
Appeals seeking review by that court. Tex.
R. App. P. 48.4 (“In criminal cases, the attorney representing the
defendant on appeal shall, within five days after the opinion is handed down,
send his client a copy of the opinion and judgment, along with notification of
the defendant’s right to file a pro se petition for discretionary review
under Rule 68.”). Likewise, this court advises appellant that he may file a
petition for discretionary review pursuant to Tex.
R. App. P. 68.

The
motions to withdraw are granted, and the appeals are dismissed.  

 

                                                                                                PER
CURIAM

            

June 14, 2012

Do not publish. 
See Tex. R. App. P.
47.2(b).

Panel consists of: Wright, C.J.,

McCall, J., and Hill.[2]









                [1]By letter, this court granted appellant thirty days in
which to exercise his right to file a response to counsel’s brief.  





 

                [2]John G. Hill, Former Chief Justice, Court of Appeals,
2nd District of Texas at Fort Worth, sitting by assignment.