**Opinion filed June 14, 2012**



In The

# Eleventh Court of Appeals

_____

## Nos. 11-11-00276-CR & 11-11-00277-CR
_____

## MICHAEL JOSEPH SHEBLE, Appellant

## V.

## STATE OF TEXAS, Appellee

**On Appeal from the 238th District Court**
**Midland County, Texas**
**Trial Court Cause Nos. CR36185 & CR36718**

### M E M O R A N D U M   O P I N I O N

Michael Joseph Sheble was charged in Cause No. 11-11-00276-CR with the felony offense of impersonating a public servant and was charged in Cause No. 11-11-00277-CR with the felony offense of retaliation. He was tried for both offenses in the same trial. In Cause No. 11-11-00276-CR, the jury acquitted appellant of impersonating a public servant but convicted him of the lesser included offense of false identification as a peace officer, a misdemeanor. The jury sentenced him to confinement in the Midland County Jail for a term of 180 days for the lesser included offense. In Cause No. 11-11-00277-CR, the jury convicted appellant of retaliation and assessed his punishment at confinement in the Institutional Division of the Texas

Department of Criminal Justice for a term of eight years, with the sentence to be probated for ten years. Appellant appeals both convictions. We dismiss the appeals.

Appellant's court-appointed counsel has filed a motion to withdraw in both appeals. The motion is supported by a brief in which counsel professionally and conscientiously examines the record and applicable law and states that he has concluded that the appeals are frivolous. Counsel has provided appellant with a copy of the brief and advised appellant of his right to review the record and file a response to counsel's brief. A response has not been filed.[1] Court-appointed counsel has complied with the requirements of *Anders v. California*, 386 U.S. 738 (1967); *In re Schulman*, 252 S.W.3d 403 (Tex. Crim. App. 2008); *Stafford v. State*, 813 S.W.2d 503 (Tex. Crim. App. 1991); *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. 1978); *Currie v. State*, 516 S.W.2d 684 (Tex. Crim. App. 1974); *Gainous v. State*, 436 S.W.2d 137 (Tex. Crim. App. 1969); and *Eaden v. State*, 161 S.W.3d 173 (Tex. App.—Eastland 2005, no pet.). Following the procedures outlined in *Anders* and *Schulman*, we have independently reviewed the record, and we agree that the appeals are without merit and should be dismissed. *Schulman*, 252 S.W.3d at 409.

We note that counsel has the responsibility to advise appellant that he may file a petition for discretionary review with the clerk of the Texas Court of Criminal Appeals seeking review by that court. TEX. R. APP. P. 48.4 ("In criminal cases, the attorney representing the defendant on appeal shall, within five days after the opinion is handed down, send his client a copy of the opinion and judgment, along with notification of the defendant's right to file a *pro se* petition for discretionary review under Rule 68."). Likewise, this court advises appellant that he may file a petition for discretionary review pursuant to TEX. R. APP. P. 68.

The motions to withdraw are granted, and the appeals are dismissed.


PER CURIAM

June 14, 2012

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
McCall, J., and Hill.[2]

---

[1] By letter, this court granted appellant thirty days in which to exercise his right to file a response to counsel's brief.

[2] John G. Hill, Former Chief Justice, Court of Appeals, 2nd District of Texas at Fort Worth, sitting by assignment.