**Opinion filed July 31, 2012**



## In The

# Eleventh Court of Appeals

_____

### Nos. 11-11-00346-CR, 11-11-00347-CR, 11-11-00348-CR, & 11-11-00349-CR

_____

## ELEAZAR HERNANDEZ, Appellant

## V.

## STATE OF TEXAS, Appellee

**On Appeal from the 35th District Court**

**Brown County, Texas**

**Trial Court Cause Nos. CR21139, CR21228, CR21515, & CR21635**

### M E M O R A N D U M   O P I N I O N

Eleazar Hernandez entered an open plea of guilty to the following offenses: delivery of a controlled substance in a drug-free zone (No. 11-11-00346-CR), possession of a controlled substance and possession of a controlled substance in a drug-free zone (No. 11-11-00347-CR), delivery of a controlled substance in a drug-free zone (No. 11-11-00348-CR), and delivery of marihuana in a drug-free zone (No. 11-11-00349-CR). After accepting appellant's pleas of guilty and receiving evidence pertaining to punishment, the trial court assessed his punishment at confinement for a term of nine years in the Institutional Division of the Texas Department of

Criminal Justice for each conviction with the sentences to be served concurrently. We dismiss the appeal.

Appellant's court-appointed counsel has filed a motion to withdraw. The motion is supported by a brief in which counsel professionally and conscientiously examines the records and applicable law and states that he has concluded that the appeal are frivolous. Counsel has provided appellant with a copy of the brief and advised appellant of his right to review the records and file a response to counsel's brief. A response has not been filed.[1] Court-appointed counsel has complied with the requirements of *Anders v. California*, 386 U.S. 738 (1967); *In re Schulman*, 252 S.W.3d 403 (Tex. Crim. App. 2008); *Stafford v. State*, 813 S.W.2d 503 (Tex. Crim. App. 1991); *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. 1978); *Currie v. State*, 516 S.W.2d 684 (Tex. Crim. App. 1974); *Gainous v. State*, 436 S.W.2d 137 (Tex. Crim. App. 1969); and *Eaden v. State*, 161 S.W.3d 173 (Tex. App.—Eastland 2005, no pet.).

Following the procedures outlined in *Anders* and *Schulman*, we have independently reviewed the records, and we agree that the appeals are without merit and should be dismissed. *Schulman*, 252 S.W.3d at 409.

We note that counsel has the responsibility to advise appellant that he may file a petition for discretionary review with the clerk of the Texas Court of Criminal Appeals seeking review by that court. TEX. R. APP. P. 48.4 ("In criminal cases, the attorney representing the defendant on appeal shall, within five days after the opinion is handed down, send his client a copy of the opinion and judgment, along with notification of the defendant's right to file a *pro se* petition for discretionary review under Rule 68."). Likewise, this court advises appellant that he may file a petition for discretionary review pursuant to TEX. R. APP. P. 68.

The motion to withdraw is granted, and the appeals are dismissed.

PER CURIAM

July 31, 2012

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
McCall, J., and Kalenak, J.

---

[1]By letter, this court granted appellant thirty days in which to exercise his right to file a response to counsel's brief.