Order filed October 11,
2012

 

                                                                       In The

                                                                              

  Eleventh
Court of Appeals

                                                                   __________

 

                                                         No. 11-12-00172-CV

                                                    __________

 

              IN THE
INTEREST OF A.C. AND A.C., JR., CHILDREN

 

 

                                   On
Appeal from the 326th District Court

 

                                                            Taylor
County, Texas

 

                                                   Trial
Court Cause No. 7099-CX

 



 

                                                                     O
R D E R

            The Texas Department of Family and Protective Services (the Department) instituted the
underlying action seeking to terminate A.W.’s parental rights to her children,
A.C. and A.C., Jr.  Based upon the jury’s findings, the trial court granted the
requested termination of A.W.’s parental rights.  A.W. appeals from this
determination.  We abate the appeal and remand to the trial court for
appointment of new appellate counsel.

Appellant’s
court-appointed counsel has filed a motion to withdraw.  The motion is
supported by a brief in which counsel asserts that she has professionally and
conscientiously examined the record and applicable law and that she has
concluded that the appeal is frivolous.  Counsel has provided appellant with a
copy of the brief and advised appellant of her right to review the record and
file a response to counsel’s brief.  A response has not been filed.[1] 
It appears that court-appointed counsel has attempted to comply with the
requirements of Anders v. California, 386 U.S. 738 (1967); In re
Schulman, 252 S.W.3d 403 (Tex. Crim. App. 2008); and Eaden v. State,
161 S.W.3d 173 (Tex. App.—Eastland 2005, no pet.).  In this regard, the
practice recognized in Anders for court-appointed counsel to seek a
withdrawal from a frivolous appeal applies to parental termination proceedings
involving appointed counsel.  See In re K.D., 127 S.W.3d 66, 67 (Tex. App.—Houston
[1st Dist.] 2003, no pet.).

In addressing an Anders brief, a court of appeals may only determine (1) that
the appeal is wholly frivolous and issue an opinion explaining that it has
reviewed the record and finds no reversible error or (2) that arguable grounds
for appeal exist and remand the cause to the trial court so that new counsel
may be appointed to brief the issues.  Schulman, 252 S.W.3d 403; Bledsoe
v. State, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005).  Following the
procedures outlined in Anders and Schulman, we have independently
reviewed the record, and we disagree with court-appointed counsel’s conclusion
that an appeal would be frivolous.  We note that this appeal arises from a
four-day jury trial.  In the court’s perspective, an appeal arising from a
contested trial is not readily amenable to disposition under Anders.  At
a minimum, a challenge to the sufficiency of the evidence would appear to
present arguable grounds on appeal.

            Accordingly,
we grant counsel’s motion to withdraw, abate this proceeding, and remand the
case to the trial court for appointment of new appellate counsel.  See
Bledsoe, 178 S.W.3d at 826–27.  We direct the trial court to appoint new
counsel to represent appellant on appeal.  The trial court shall furnish the
name, address, telephone number, and state bar number of new counsel by its
order appointing new counsel.  The order shall be included in a supplemental
clerk’s record, which shall be filed with the clerk of this court by October
26, 2012.  Appellant’s brief shall be due twenty days from the date of the
trial court’s appointment of new counsel.  See Tex. R. App. P. 28.4, 38.6.  All other appellate deadlines
shall be in accordance with Rule 38.6.  In
this regard, we note that Tex. R. Jud.
Admin. 6.2(a)[2]
requires expedited disposition of appeals arising from the termination of the
parent-child relationship.

The
motion to withdraw is granted, the appeal is abated, and the cause is remanded
to the trial court in accordance with this order.

 

                                                                                    PER
CURIAM

 

October 11, 2012

Panel[3]
consists of: Wright, C.J.,

McCall, J., and Hill.[4]









[1]By letter, this court granted appellant twenty-seven
days in which to exercise her right to file a response to counsel’s brief.

 





[2]Reprinted in Tex. Gov’t Code Ann., tit. 2, subtit. F
app. (West Supp. 2012).





[3]Eric Kalenak, Justice, resigned effective September 3,
2012.  The justice position is vacant pending appointment of a successor by the
governor or until the next general election.

 





[4]John G. Hill, Former Chief Justice, Court of Appeals,
2nd District of Texas at Fort Worth, sitting by assignment.