**Opinion filed June 13, 2013**



In The

# Eleventh Court of Appeals

_____

## No. 11-13-00047-CR

_____

## TIFFANY ELAINE LAGE, Appellant

## V.

## THE STATE OF TEXAS, Appellee

On Appeal from the 355th District Court

Hood County, Texas

Trial Court Cause No. CR12049

## M E M O R A N D U M   O P I N I O N

Tiffany Elaine Lage pleaded guilty in March 2012 to the offense of abandoning or endangering a child. *See* TEX. PENAL CODE ANN. § 22.041 (West 2011). In accordance with a plea agreement, the trial court assessed her punishment at confinement in the State Jail Division of the Texas Department of Criminal Justice for a term of twenty-four months. However, the trial court

suspended the imposition of the sentence and placed Appellant on community supervision for a term of five years.

The State subsequently filed a motion to revoke community supervision, alleging multiple violations of the terms and conditions of Appellant's community supervision. The trial court considered the motion at a hearing conducted on December 4, 2012. Appellant pleaded "[n]ot true" to all of the alleged violations. At the conclusion of the hearing, the trial court found most of the alleged violations to be true, revoked Appellant's community supervision, and assessed her punishment at confinement in the State Jail Division of the Texas Department of Criminal Justice for a term of twenty months. We dismiss the appeal.

Appellant's court-appointed counsel has filed a motion to withdraw. The motion is supported by a brief in which counsel professionally and conscientiously examines the record and applicable law and states that he has concluded that the appeal is frivolous. Counsel has provided Appellant with a copy of the brief and advised Appellant of her right to review the record and file a response to counsel's brief. A response has not been filed.[1] Court-appointed counsel has complied with the requirements of *Anders v. California*, 386 U.S. 738 (1967); *In re Schulman*, 252 S.W.3d 403 (Tex. Crim. App. 2008); *Stafford v. State*, 813 S.W.2d 503 (Tex. Crim. App. 1991); *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. 1978); *Currie v. State*, 516 S.W.2d 684 (Tex. Crim. App. 1974); *Gainous v. State*, 436 S.W.2d 137 (Tex. Crim. App. 1969); and *Eaden v. State*, 161 S.W.3d 173 (Tex. App.—Eastland 2005, no pet.). Following the procedures outlined in *Anders* and *Schulman*, we have independently reviewed the record, and we agree that the appeal is without merit and should be dismissed. *Schulman*, 252 S.W.3d at 409.

---

[1]By letter, this court granted Appellant thirty days in which to exercise her right to file a response to counsel's brief.

We note that counsel has the responsibility to advise Appellant that she may file a petition for discretionary review with the clerk of the Texas Court of Criminal Appeals seeking review by that court. TEX. R. APP. P. 48.4 ("In criminal cases, the attorney representing the defendant on appeal shall, within five days after the opinion is handed down, send his client a copy of the opinion and judgment, along with notification of the defendant's right to file a *pro se* petition for discretionary review under Rule 68."). Likewise, this court advises Appellant that she may file a petition for discretionary review pursuant to TEX. R. APP. P. 68.

The motion to withdraw is granted, and the appeal is dismissed.

PER CURIAM

June 13, 2013

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
McCall, J., and Willson, J.