Opinion filed September 26, 2013



In The

# Eleventh Court of Appeals

_____

## No. 11-13-00215-CR
_____

## MARY ELIZABETH DOOLITTLE, Appellant

## V.

## THE STATE OF TEXAS, Appellee

### On Appeal from the 355th District Court

### Hood County, Texas

### Trial Court Cause No. CR11663

## M E M O R A N D U M   O P I N I O N

Mary Elizabeth Doolittle pleaded guilty in September 2012 to delivery of a controlled substance. The trial court deferred a finding of guilt and placed her on deferred adjudication community supervision for a term of four years. The State later filed a motion to adjudicate in January 2013, alleging multiple violations of the terms and conditions of community supervision. The trial court subsequently

entered an order continuing probation and adding a condition that, among other things, required Appellant to attend a program at the Jefferson County Women's Center. The State then filed a subsequent motion to adjudicate in April 2013, alleging that Appellant failed to complete the program at the Jefferson County Women's Center.

The trial court heard the motion to adjudicate on May 6, 2013. Appellant pleaded "not true" to the alleged violation. At the conclusion of the hearing, the trial court found the alleged violation to be true, adjudicated Appellant guilty of the charged offense, and assessed her punishment at confinement in the State Jail Division of the Texas Department of Criminal Justice for a term of twenty-two months. We dismiss the appeal.

Appellant's court-appointed counsel has filed a motion to withdraw. The motion is supported by a brief in which counsel professionally and conscientiously examines the record and applicable law and states that he has concluded that the appeal is frivolous. Counsel has provided Appellant with a copy of the brief and advised Appellant of her right to review the record and file a response to counsel's brief. A response has not been filed.[1] Court-appointed counsel has complied with the requirements of *Anders v. California*, 386 U.S. 738 (1967); *In re Schulman*, 252 S.W.3d 403 (Tex. Crim. App. 2008); *Stafford v. State*, 813 S.W.2d 503 (Tex. Crim. App. 1991); *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. 1978); *Currie v. State*, 516 S.W.2d 684 (Tex. Crim. App. 1974); *Gainous v. State*, 436 S.W.2d 137 (Tex. Crim. App. 1969); and *Eaden v. State*, 161 S.W.3d 173 (Tex. App.—Eastland 2005, no pet.). Following the procedures outlined in *Anders* and *Schulman*, we have independently reviewed the record, and we agree that the appeal is without merit and should be dismissed. *Schulman*, 252 S.W.3d at 409.

---

[1] By letter, this Court granted Appellant thirty days in which to exercise her right to file a response to counsel's brief.

2

We note that counsel has the responsibility to advise Appellant that she may file a petition for discretionary review with the clerk of the Texas Court of Criminal Appeals seeking review by that court. TEX. R. APP. P. 48.4 ("In criminal cases, the attorney representing the defendant on appeal shall, within five days after the opinion is handed down, send his client a copy of the opinion and judgment, along with notification of the defendant's right to file a *pro se* petition for discretionary review under Rule 68."). Likewise, this court advises Appellant that she may file a petition for discretionary review pursuant to TEX. R. APP. P. 68.

The motion to withdraw is granted, and the appeal is dismissed.

PER CURIAM

September 26, 2013

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
McCall, J., and Willson, J.