Opinion filed April 16, 2015



In The

# Eleventh Court of Appeals

_____

## No. 11-14-00272-CR

_____

## ROBERT AUBREY JACKSON, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 104th District Court**

**Taylor County, Texas**

**Trial Court Cause No. 18764B**

## M E M O R A N D U M   O P I N I O N

As part of a plea agreement, Robert Aubrey Jackson agreed to plead guilty to a third-degree felony offense of driving while intoxicated in exchange for receiving a four-year sentence for the offense. The trial court gave Appellant written and oral plea admonishments. One of the written admonishments provided that, if the trial court rejected the plea agreement, Appellant would be permitted to withdraw his plea of guilty. Appellant entered a plea of guilty to the offense. Based on

Appellant's criminal history, the trial court rejected the plea agreement. Appellant did not withdraw his guilty plea. After receiving evidence at a subsequent disposition hearing, the trial court convicted Appellant of the offense, and it assessed his punishment at confinement for five years. We dismiss the appeal.

Appellant's court-appointed counsel has filed a motion to withdraw. The motion is supported by a brief in which counsel professionally and conscientiously examines the record and applicable law and states that she has concluded that the appeal is frivolous. Counsel has provided Appellant with a copy of the motion and the brief and a motion for pro se access to the record, and counsel has advised Appellant of his right to review the record and file a response to counsel's brief. A response has not been filed.[1] Court-appointed counsel has complied with the requirements of *Anders v. California*, 386 U.S. 738 (1967); *Kelly v. State*, 436 S.W.3d 313 (Tex. Crim. App. 2014); *In re Schulman*, 252 S.W.3d 403 (Tex. Crim. App. 2008); *Stafford v. State*, 813 S.W.2d 503 (Tex. Crim. App. 1991); *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. 1978); *Currie v. State*, 516 S.W.2d 684 (Tex. Crim. App. 1974); *Gainous v. State*, 436 S.W.2d 137 (Tex. Crim. App. 1969); and *Eaden v. State*, 161 S.W.3d 173 (Tex. App.—Eastland 2005, no pet.).

Following the procedures outlined in *Anders* and *Schulman*, we have independently reviewed the record, and we agree that the appeal is without merit and should be dismissed. *Schulman*, 252 S.W.3d at 409.

We note that counsel has the responsibility to advise Appellant that he may file a petition for discretionary review with the clerk of the Texas Court of Criminal Appeals seeking review by that court. TEX. R. APP. P. 48.4 ("In criminal cases, the attorney representing the defendant on appeal shall, within five days after the opinion is handed down, send his client a copy of the opinion and judgment, along

---

[1]By letter, this court granted Appellant thirty days in which to exercise his right to file a response to counsel's brief.

2

with notification of the defendant's right to file a *pro se* petition for discretionary review under Rule 68."). Likewise, this court advises Appellant that he may file a petition for discretionary review pursuant to TEX. R. APP. P. 68.

The motion to withdraw is granted, and the appeal is dismissed.

PER CURIAM

April 16, 2015

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.