Opinion filed March 30, 2018



In The

# Eleventh Court of Appeals

_____

## No. 11-17-00224-CR

_____

## BYRON KEITH PATTERSON, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 90th District Court**

**Stephens County, Texas**

**Trial Court Cause No. F31706**

## M E M O R A N D U M   O P I N I O N

Appellant, Byron Keith Patterson, originally pleaded guilty to the second-degree felony offense of aggravated assault with a deadly weapon and true to an enhancement allegation. The trial court deferred a finding of guilt and placed Appellant on community supervision for ten years. The State subsequently filed a motion to proceed with an adjudication of Appellant's guilt. At a hearing on the State's motion, the trial court found the State's allegations to be true, revoked

Appellant's community supervision, adjudicated him guilty of the charged offense, and assessed his punishment at confinement for ten years and a fine of $3,000. We dismiss the appeal.

Appellant's court-appointed counsel has filed a motion to withdraw. The motion is supported by a brief in which counsel professionally and conscientiously examines the record and applicable law and concludes that the appeal is frivolous and without merit. Counsel has provided Appellant with a copy of the brief, the motion to withdraw, and a motion for pro se access to the appellate record. Counsel also advised Appellant of his right to review the record and file a response to counsel's brief. Appellant has not filed a response.[1]

Court-appointed counsel has complied with the requirements of *Anders v. California*, 386 U.S. 738 (1967); *Kelly v. State*, 436 S.W.3d 313 (Tex. Crim. App. 2014); *In re Schulman*, 252 S.W.3d 403 (Tex. Crim. App. 2008); *Stafford v. State*, 813 S.W.2d 503 (Tex. Crim. App. 1991); *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. [Panel Op.] 1978); *Currie v. State*, 516 S.W.2d 684 (Tex. Crim. App. 1974); *Gainous v. State*, 436 S.W.2d 137 (Tex. Crim. App. 1969); and *Eaden v. State*, 161 S.W.3d 173 (Tex. App.—Eastland 2005, no pet.). In addressing an *Anders* brief and pro se response, a court of appeals may only determine (1) that the appeal is wholly frivolous and issue an opinion explaining that it has reviewed the record and finds no reversible error or (2) that arguable grounds for appeal exist and remand the cause to the trial court so that new counsel may be appointed to brief the issues. *Schulman*, 252 S.W.3d at 409; *Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005). Following the procedures outlined in *Anders* and *Schulman*, we have

---

[1]This court granted Appellant thirty days in which to exercise his right to file a response to counsel's brief, as well as additional time in response to two pro se motions for extension of time to file a response. We also provided Appellant with a copy of the clerk's record and the reporter's record.

independently reviewed the record, and we agree that the appeal is without merit and should be dismissed. *See Schulman*, 252 S.W.3d at 409.

We note that counsel has the responsibility to advise Appellant that he may file a petition for discretionary review with the clerk of the Texas Court of Criminal Appeals seeking review by that court. TEX. R. APP. P. 48.4 ("In criminal cases, the attorney representing the defendant on appeal shall, within five days after the opinion is handed down, send his client a copy of the opinion and judgment, along with notification of the defendant's right to file a *pro se* petition for discretionary review under Rule 68."). Likewise, this court advises Appellant that he may file a petition for discretionary review pursuant to TEX. R. APP. P. 68.

The motion to withdraw is granted, and the appeal is dismissed.

PER CURIAM

March 30, 2018

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Willson, J.,
Bailey, J., and Wright, S.C.J.[2]

---

[2]Jim R. Wright, Senior Chief Justice (Retired), Court of Appeals, 11th District of Texas at Eastland, sitting by assignment.