Opinion filed June 21, 2012



In The

# Eleventh Court of Appeals

_____

## No. 11-11-00341-CR
_____

## JONEE MEG MILLER, Appellant
## V.

## STATE OF TEXAS, Appellee

**On Appeal from the 32nd District Court**
**Nolan County, Texas**
**Trial Court Cause No. 10999**

### M E M O R A N D U M   O P I N I O N

Jonee Meg Miller pleaded guilty in July 2010 to possession of a controlled substance. The trial court deferred a finding of guilt, placed her on deferred adjudication community supervision for a term of three years, and assessed a $1,500 fine.  In May 2011, the State filed a motion to proceed with an adjudication of guilt, alleging multiple violations of the terms and conditions of community supervision. The trial court heard the motion to proceed on November 21, 2011.  Appellant pleaded "true" to several of the alleged violations.  Upon receiving evidence, the trial court found approximately ten alleged violations to be true, adjudicated appellant guilty of the charged offense, and assessed her punishment at confinement in the State Jail Division of the Texas Department of Criminal Justice for a term of twenty months and a fine of $1,500.  We dismiss the appeal.

Appellant's court-appointed counsel has filed a motion to withdraw. The motion is supported by a brief in which counsel professionally and conscientiously examines the record and applicable law and states that he has concluded that the appeal is frivolous. Counsel has provided appellant with a copy of the brief and advised appellant of her right to review the record and file a response to counsel's brief. A response has not been filed.[1] Court-appointed counsel has complied with the requirements of *Anders v. California*, 386 U.S. 738 (1967); *In re Schulman*, 252 S.W.3d 403 (Tex. Crim. App. 2008); *Stafford v. State*, 813 S.W.2d 503 (Tex. Crim. App. 1991); *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. 1978); *Currie v. State*, 516 S.W.2d 684 (Tex. Crim. App. 1974); *Gainous v. State*, 436 S.W.2d 137 (Tex. Crim. App. 1969); and *Eaden v. State*, 161 S.W.3d 173 (Tex. App.—Eastland 2005, no pet.).

Following the procedures outlined in *Anders* and *Schulman*, we have independently reviewed the record, and we agree that the appeal is without merit and should be dismissed. *Schulman*, 252 S.W.3d at 409. In this regard, a plea of true standing alone is sufficient to support a trial court's decision to revoke community supervision and proceed with an adjudication of guilt. *See Moses v. State*, 590 S.W.2d 469, 470 (Tex. Crim. App. 1979).

We note that counsel has the responsibility to advise appellant that she may file a petition for discretionary review with the clerk of the Texas Court of Criminal Appeals seeking review by that court. TEX. R. APP. P. 48.4 ("In criminal cases, the attorney representing the defendant on appeal shall, within five days after the opinion is handed down, send his client a copy of the opinion and judgment, along with notification of the defendant's right to file a *pro se* petition for discretionary review under Rule 68."). Likewise, this court advises appellant that she may file a petition for discretionary review pursuant to TEX. R. APP. P. 68.

The motion to withdraw is granted, and the appeal is dismissed.

PER CURIAM

June 21, 2012

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
McCall, J., and Kalenak, J.

---

[1]By letter, this court granted appellant thirty days in which to exercise her right to file a response to counsel's brief.