Opinion filed May 9, 2013



In The

# Eleventh Court of Appeals

_____

## No. 11-12-00368-CR

_____

## LURA LANETTE STEWARD, Appellant

## V.

## THE STATE OF TEXAS, Appellee

On Appeal from the 358th District Court

Ector County, Texas

Trial Court Cause No. D-37,906

### M E M O R A N D U M   O P I N I O N

Lura Lanette Steward pleaded guilty in February 2011 to possession of a controlled substance. In accordance with a plea agreement, the trial court assessed her punishment at confinement in the State Jail Division of the Texas Department of Criminal Justice for a term of two years. However, the trial court suspended the

imposition of the sentence and placed Appellant on community supervision for a term of two years.

The State subsequently filed a motion to revoke community supervision, alleging multiple violations of the terms and conditions of appellant's community supervision. The trial court considered the motion at a hearing conducted on November 19, 2012. Appellant pleaded "not true" to all of the alleged violations. At the conclusion of the hearing, the trial court found most of the alleged violations to be true, revoked appellant's community supervision, and assessed her punishment at confinement in the State Jail Division of the Texas Department of Criminal Justice for a term of two years. We dismiss the appeal.

Appellant's court-appointed counsel has filed a motion to withdraw. The motion is supported by a brief in which counsel professionally and conscientiously examines the record and applicable law and states that he has concluded that the appeal is frivolous. Counsel has provided appellant with a copy of the brief and advised Appellant of her right to review the record and file a response to counsel's brief. Court-appointed counsel has complied with the requirements of *Anders v. California*, 386 U.S. 738 (1967); *In re Schulman*, 252 S.W.3d 403 (Tex. Crim. App. 2008); *Stafford v. State*, 813 S.W.2d 503 (Tex. Crim. App. 1991); *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. 1978); *Currie v. State*, 516 S.W.2d 684 (Tex. Crim. App. 1974); *Gainous v. State*, 436 S.W.2d 137 (Tex. Crim. App. 1969); and *Eaden v. State*, 161 S.W.3d 173 (Tex. App.—Eastland 2005, no pet.).

Appellant has filed a pro se response to counsel's motion to withdraw and supporting brief. In addressing an *Anders* brief and pro se response, a court of appeals may only (1) determine that the appeal is wholly frivolous and issue an opinion explaining that it has reviewed the record and finds no reversible error or (2) determine that arguable grounds for appeal exist and remand the cause to the trial court so that new counsel may be appointed to brief the issues. *Schulman*, 252

S.W.3d 403; *Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005). Following the procedures outlined in *Anders* and *Schulman*, we have independently reviewed the record, and we agree that the appeal is without merit and should be dismissed. *Schulman*, 252 S.W.3d at 409.

We note that counsel has the responsibility to advise Appellant that she may file a petition for discretionary review with the clerk of the Texas Court of Criminal Appeals seeking review by that court. TEX. R. APP. P. 48.4 ("In criminal cases, the attorney representing the defendant on appeal shall, within five days after the opinion is handed down, send his client a copy of the opinion and judgment, along with notification of the defendant's right to file a *pro se* petition for discretionary review under Rule 68."). Likewise, this court advises Appellant that she may file a petition for discretionary review pursuant to TEX. R. APP. P. 68.

The motion to withdraw is granted, and the appeal is dismissed.

PER CURIAM

May 9, 2013

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
McCall, J., and Willson, J.