Opinion filed August 30, 2013



In The

# Eleventh Court of Appeals

_____

## No. 11-12-00366-CR

_____

**ETHEL GEORGEANN FLETCHER, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 358th District Court**

**Ector County, Texas**

**Trial Court Cause No. D-33,638**

## M E M O R A N D U M  O P I N I O N

Ethel Georgeann Fletcher pleaded guilty in August 2007 to theft. The trial court deferred a finding of guilt and placed her on deferred adjudication community supervision for a term of five years. In August 2012, the State filed a motion to proceed with an adjudication of guilt, alleging multiple violations of the terms and conditions of community supervision. The trial court heard the motion

to proceed on October 22, 2012. Appellant pleaded "true" to two of the alleged violations. Upon receiving evidence, the trial court found all of the alleged violations to be true, adjudicated Appellant guilty of the charged offense, and assessed her punishment at confinement in the State Jail Division of the Texas Department of Criminal Justice for a term of two years. We dismiss the appeal.

Appellant's court-appointed counsel has filed a motion to withdraw. The motion is supported by a brief in which counsel professionally and conscientiously examines the record and applicable law and states that he has concluded that the appeal is frivolous. Counsel has provided Appellant with a copy of the brief and advised Appellant of her right to review the record and file a response to counsel's brief. A response has not been filed.[1] Court-appointed counsel has complied with the requirements of *Anders v. California*, 386 U.S. 738 (1967); *In re Schulman*, 252 S.W.3d 403 (Tex. Crim. App. 2008); *Stafford v. State*, 813 S.W.2d 503 (Tex. Crim. App. 1991); *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. 1978); *Currie v. State*, 516 S.W.2d 684 (Tex. Crim. App. 1974); *Gainous v. State*, 436 S.W.2d 137 (Tex. Crim. App. 1969); and *Eaden v. State*, 161 S.W.3d 173 (Tex. App.—Eastland 2005, no pet.).

Following the procedures outlined in *Anders* and *Schulman*, we have independently reviewed the record, and we agree that the appeal is without merit and should be dismissed. *Schulman*, 252 S.W.3d at 409. In this regard, a plea of true standing alone is sufficient to support a trial court's decision to revoke community supervision and proceed with an adjudication of guilt. *See Moses v. State*, 590 S.W.2d 469, 470 (Tex. Crim. App. 1979).

---

[1]By letter, this court originally granted Appellant thirty days in which to exercise her right to file a response to counsel's brief. This court subsequently granted Appellant an additional sixty days in which to file her response by granting her motions for extension.

We note that counsel has the responsibility to advise Appellant that she may file a petition for discretionary review with the clerk of the Texas Court of Criminal Appeals seeking review by that court. TEX. R. APP. P. 48.4 ("In criminal cases, the attorney representing the defendant on appeal shall, within five days after the opinion is handed down, send his client a copy of the opinion and judgment, along with notification of the defendant's right to file a *pro se* petition for discretionary review under Rule 68."). Likewise, this court advises Appellant that she may file a petition for discretionary review pursuant to TEX. R. APP. P. 68.

The motion to withdraw is granted, and the appeal is dismissed.

PER CURIAM

August 30, 2013

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
McCall, J., and Willson, J.

3