**Opinion filed December 11, 2014**



In The

# Eleventh Court of Appeals

_____

## No. 11-14-00106-CR
_____

## JAIME MOLINA, JR., Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 70th District Court**

**Ector County, Texas**

**Trial Court Cause No. A-40,830**

## MEMORANDUM OPINION

Pursuant to a plea agreement, Jaime Molina, Jr. pleaded guilty in June 2013 to the third-degree felony offense of assault family violence. The trial court deferred a finding of guilt, placed Appellant on deferred adjudication community supervision for a term of three years, and assessed a fine of $1,000. In November 2013, the State filed a motion to proceed to an adjudication of guilt based upon five alleged violations by Appellant of the terms and conditions of his community

supervision. At a hearing on the motion, Appellant pleaded "true" to all the alleged violations. After receiving evidence, the trial court found all the State's allegations to be true, adjudicated Appellant guilty of the charged offense, and assessed Appellant's punishment at confinement for ten years and a fine of $619. We dismiss the appeal.

Appellant's court-appointed counsel has filed a motion to withdraw. The motion is supported by a brief in which counsel professionally and conscientiously examines the record and applicable law and states that she has concluded that the appeal is frivolous. Counsel has provided Appellant with a copy of the motion to withdraw, the brief, the reporter's record, the supplemental reporter's record, the clerk's record, the supplemental clerk's record, and a motion for pro se access to the appellate record, and counsel has advised Appellant of his right to review the record and file a response to counsel's brief. A response has not been filed.[1] Court-appointed counsel has complied with the requirements of *Anders v. California*, 386 U.S. 738 (1967); *Kelly v. State*, 436 S.W.3d 313 (Tex. Crim. App. 2014); *In re Schulman*, 252 S.W.3d 403 (Tex. Crim. App. 2008); *Stafford v. State*, 813 S.W.2d 503 (Tex. Crim. App. 1991); *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. 1978); *Currie v. State*, 516 S.W.2d 684 (Tex. Crim. App. 1974); *Gainous v. State*, 436 S.W.2d 137 (Tex. Crim. App. 1969); and *Eaden v. State*, 161 S.W.3d 173 (Tex. App.—Eastland 2005, no pet.).

Following the procedures outlined in *Anders* and *Schulman*, we have independently reviewed the record, and we agree that the appeal is without merit and should be dismissed. *Schulman*, 252 S.W.3d at 409. In this regard, a plea of true standing alone is sufficient to support a trial court's decision to revoke

---

[1]By letter, this court granted Appellant thirty days in which to exercise his right to file a response to counsel's brief.

community supervision and to proceed to an adjudication of guilt. *See Moses v. State*, 590 S.W.2d 469, 470 (Tex. Crim. App. [Panel Op.] 1979).

We note that counsel has the responsibility to advise Appellant that he may file a petition for discretionary review with the clerk of the Texas Court of Criminal Appeals seeking review by that court. TEX. R. APP. P. 48.4 ("In criminal cases, the attorney representing the defendant on appeal shall, within five days after the opinion is handed down, send his client a copy of the opinion and judgment, along with notification of the defendant's right to file a *pro se* petition for discretionary review under Rule 68."). Likewise, this court advises Appellant that he may file a petition for discretionary review pursuant to TEX. R. APP. P. 68.

The motion to withdraw is granted, and the appeal is dismissed.

PER CURIAM

December 11, 2014

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.

3