**Opinion filed March 5, 2015**



In The

# Eleventh Court of Appeals

_____

## Nos. 11-14-00266-CR & 11-14-00267-CR

_____

## CURTIS LEE PROCTOR, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 104th District Court**

**Taylor County, Texas**

**Trial Court Cause Nos. 18335B & 18664B**

### M E M O R A N D U M   O P I N I O N

Pursuant to a plea agreement, Curtis Lee Proctor pleaded guilty in May 2013 to two third-degree felony offenses of driving while intoxicated. In accordance with the plea agreement, the trial court convicted Appellant of the offenses and assessed Appellant's punishment at confinement for ten years and a fine of $1,500 on each offense. In each cause, the trial court suspended imposition of the

confinement portion of the sentence and placed Appellant on community supervision for a term of ten years.

In July 2014, the State filed a motion to revoke Appellant's community supervision in both causes. In the motions, the State alleged that Appellant had committed numerous violations—numbered in paragraphs 1 to 10 in the motions—of the terms and conditions of his community supervision. At a hearing on the motions, the State waived its allegations as to conduct that had allegedly occurred on July 4, 2014. Appellant pleaded "true" to all the remaining allegations in paragraphs 1 to 10 of the motion, including allegations that he consumed alcohol on numerous dates. After receiving evidence, the trial court found all of those allegations to be true, revoked Appellant's community supervision in both causes, and assessed Appellant's punishment at confinement for nine years and a fine of $1,500 on both offenses. The trial court ordered that the sentences run concurrently. We dismiss the appeals.

Appellant's court-appointed counsel has filed a motion to withdraw in these appeals. In each appeal, the motion is supported by a brief in which counsel professionally and conscientiously examines the record and applicable law and has concluded that the appeal is frivolous. Counsel has provided Appellant with a copy of the motion and the brief and a motion for pro se access to the record in each appeal, and counsel has advised Appellant of his right to review the record and file a response to counsel's brief. A response has not been filed.[1] Court-appointed counsel has complied with the requirements of *Anders v. California*, 386 U.S. 738 (1967); *Kelly v. State*, 436 S.W.3d 313 (Tex. Crim. App. 2014); *In re Schulman*, 252 S.W.3d 403 (Tex. Crim. App. 2008); *Stafford v. State*, 813 S.W.2d 503 (Tex. Crim. App. 1991); *High v. State*, 573 S.W.2d 807 (Tex. Crim. App.

---

[1]By letter, this court granted Appellant thirty days in which to exercise his right to file a response to counsel's brief.

1978); *Currie v. State*, 516 S.W.2d 684 (Tex. Crim. App. 1974); *Gainous v. State*, 436 S.W.2d 137 (Tex. Crim. App. 1969); and *Eaden v. State*, 161 S.W.3d 173 (Tex. App.—Eastland 2005, no pet.).

Following the procedures outlined in *Anders* and *Schulman*, we have independently reviewed the record, and we agree that the appeals are without merit and should be dismissed. *Schulman*, 252 S.W.3d at 409. In this regard, a plea of true to an alleged violation standing alone is sufficient to support a trial court's decision to revoke community supervision and to proceed to an adjudication of guilt. *See Moses v. State*, 590 S.W.2d 469, 470 (Tex. Crim. App. 1979).

We note that counsel has the responsibility to advise Appellant that he may file a petition for discretionary review with the clerk of the Texas Court of Criminal Appeals seeking review by that court. TEX. R. APP. P. 48.4 ("In criminal cases, the attorney representing the defendant on appeal shall, within five days after the opinion is handed down, send his client a copy of the opinion and judgment, along with notification of the defendant's right to file a *pro se* petition for discretionary review under Rule 68."). Likewise, this court advises Appellant that he may file a petition for discretionary review pursuant to TEX. R. APP. P. 68.

The motions to withdraw are granted, and the appeals are dismissed.

PER CURIAM

March 5, 2015

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.