Opinion filed March 20, 2015



In The

# Eleventh Court of Appeals

_____

## No. 11-14-00282-CR

_____

## ROSEMARIE LYNN BROWN, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 29th District Court**

**Palo Pinto County, Texas**

**Trial Court Cause No. 14994**

### M E M O R A N D U M   O P I N I O N

Pursuant to a plea agreement, Rosemarie Lynn Brown pleaded guilty in March 2013 to the state jail felony offense of burglary of a building. The trial court deferred a finding of guilt, and it placed Appellant on deferred adjudication community supervision for a term of three years. In September 2014, the State filed a motion to proceed with an adjudication of guilt based upon alleged violations—numbered one through six in the motion—by Appellant of the terms

and conditions of her community supervision. At a hearing on the motion, the State abandoned allegation one; Appellant pleaded "not true" to allegations two, three, and four; and Appellant pleaded "true" to allegations five and six. After receiving evidence, the trial court found allegations two through six to be true, adjudicated Appellant guilty of the charged offense, and assessed Appellant's punishment at confinement in the State Jail Division of the Texas Department of Criminal Justice for eighteen months. We dismiss the appeal.

Appellant's court-appointed counsel has filed a motion to withdraw. The motion is supported by a brief in which counsel professionally and conscientiously examines the record and states that he has concluded that the appeal is frivolous. Counsel has provided Appellant with a copy of the motion to withdraw, the brief, the reporter's record, and the clerk's record, and counsel has advised Appellant of her right to review the record and file a response to counsel's brief. A response has not been filed.[1] Court-appointed counsel has complied with the requirements of *Anders v. California*, 386 U.S. 738 (1967); *Kelly v. State*, 436 S.W.3d 313 (Tex. Crim. App. 2014); *In re Schulman*, 252 S.W.3d 403 (Tex. Crim. App. 2008); *Stafford v. State*, 813 S.W.2d 503 (Tex. Crim. App. 1991); *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. 1978); *Currie v. State*, 516 S.W.2d 684 (Tex. Crim. App. 1974); *Gainous v. State*, 436 S.W.2d 137 (Tex. Crim. App. 1969); and *Eaden v. State*, 161 S.W.3d 173 (Tex. App.—Eastland 2005, no pet.).

Following the procedures outlined in *Anders* and *Schulman*, we have independently reviewed the record, and we agree that the appeal is without merit and should be dismissed. *Schulman*, 252 S.W.3d at 409. A plea of true to an alleged violation standing alone is sufficient to support a trial court's decision to

---

[1]By letter, this court granted Appellant thirty days in which to exercise her right to file a response to counsel's brief.

revoke community supervision and to proceed to an adjudication of guilt. *See Moses v. State*, 590 S.W.2d 469, 470 (Tex. Crim. App. 1979).

We note that counsel has the responsibility to advise Appellant that she may file a petition for discretionary review with the clerk of the Texas Court of Criminal Appeals seeking review by that court. TEX. R. APP. P. 48.4 ("In criminal cases, the attorney representing the defendant on appeal shall, within five days after the opinion is handed down, send his client a copy of the opinion and judgment, along with notification of the defendant's right to file a *pro se* petition for discretionary review under Rule 68."). Likewise, this court advises Appellant that she may file a petition for discretionary review pursuant to TEX. R. APP. P. 68.

The motion to withdraw is granted, and the appeal is dismissed.

PER CURIAM

March 20, 2015

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.