# 348-15

## In The

ORIGINAL

## Court of Criminal Appeals of Texas

Case No. 11-14-00238-CR

Trial Case No. 14229

RECEIVED IN
COURT OF CRIMINAL APPEALS

JUN 04 2015

Abel Acosta, Clerk

Albert Melvin Piatt, Petitioner

FILED IN
COURT OF CRIMINAL APPEALS

JUN 04 2015

Abel Acosta, Clerk

For

## Petition For Discretionary Review

From The 29th District Court in Pala Pinto, Texas

## Identity of Parties

JUDGE PRESIDING:

HONORABLE MICHAEL MOORE

520 Oak Street

Palo Pinto, Tx. 76484

ALBERT MELVIN PIATT, petioner:

TDCJ-ID # 1955398

Tulia Transfer Facility

4000 Hwy 86

Tulia, Texas 79088

ATTORNEY FOR STATE:

ADA KRISTINA MASSEY

PO Box 340

Palo Pinto, Tx. 76484

ATTORNEY FOR PETITIONER

At TRIAL: 14229

CHAD W. CANNON

102 NE 2nd Street

Mineral Wells, Tx. 76067

ATTORNEY FOR PETITIONER

ON APPEAL:

MIKE SMIDDY

PO Box 752

Mineral Wells, Tx. 76068-0752

I.

# Table of Contents

Identity of Parties ............................. I.

Table of Contents ............................. II.

Index of Authorities ........................... III.

Statement of Case ............................. 1.

Statement of Procedural History ........... 2.

Issues Presented .............................. 3.

Argument and Authorities ................... 3-13

Prayer ......................................... 13.

Certificate of Service ....................... 14.

II.

# Index of Authorities

## Cases and Statutes

Boykin v. Alabama, 395 U.S. 238, 89 S. Ct. 1709 (1969) p. 9

Strickland v. Washington, 466 U.S. 668, 104 S.CT. 2052, 80 L.Ed. 2d 674 (1984) p. 10

Walker v. State 524 S.W. 2d 712 p. 9

## Tex. Code of Criminal Procedure

Article 1.05   p. 9

Article 26.13   p. 8

Article 42.12   p. 9

III.

## Statement of Case

This is a case involving a Deferred Adjudicating hearing held in Palo Pinto, County in August, 2014, Where Petitioner plead True To States Allegations, Unknowingly and involuntarily. Petitioner was sentenced To 15 years confinement in TDCJ-ID. Petitioner appealed the proceedings.

1.

## Statement of Procedural History

On March 22, 2010, defendant in Trial case no. 14229 in Palo Pinto County plead guilty to Sexual Assault and was sentenced to 10 years Deferred Adjudicated Probation under Art. 42.12 Tex. C.C.P. In August 2014, Petitioner plead true to States Allegations, revoking Deferred Adjudication of Guilt. Trial Court further imposes a term of 15 years Confinement in TDCJ-ID, a fine of $3,500 including costs of court. Petitioner appealed, case no. 11-14-00238, Petitioner's Appeals Attorney Mike A. Smiddy filed an Anders Brief also Motion to withdraw from Petioners Cause. Petitioner filed Extension for Time to file Petition for Discretionary Review in March 2014.

2.

## Issues Presented

Issue No. One: Insufficient evidence that petitioner failed to report to the Community Supervision Officer as alleged in the Motion to Proceed with Adjudication of Guilt.

Issue No. Two: Petitioner's plea was involuntarily and unknowingly made

Issue No. Three: Ineffective Assistance of Counsel

## Argument and Authorities

Petitioner, through his attorney, entered a plea of "True" to allegations 2 through 6B and "Not True" to allegation number 1. The Court confirmed, Petitioner entered a plea to all of the allegations in the Motion to Proceed with an Adjudication of Guilt except for the allegations contained in Paragraph 1 (R.R., p. 7)

The Court inquired if the Petitioner was pleading "True" to the allegations because of any threats or promises, whether anyone forced petitioner to so plead, and whether petitioner was pleading "true" because the allegations are True. Petitioner answered yes to the Court (R.R., p.8)

It should be noted that the Court did not formally accept the plea or make any finding for the record as to the voluntariness of the plea.

In the State's case, Jake Wright, Community Supervision officer for the Palo Pinto County Community Supervision and Corrections Department, testified that he was Petitioner's Probation Officer from March 23, 2010 through the date of the hearing in August, 2014, (R.R., p. 9) Officer Wright confirmed that the allegations of paragraph 1 of the Motion to Proceed with Adjudication of Guilt that is Petitioner failed to report each month as directed for the months of January, May and June, 2014 (R.R., p. 10) that Petitioner was a resident of Parker County and was being supervised by an officer there and was directed to mail a report each month. (R.R., p. 10); that no mail-in report form was received for the

3.

months of January 2014 and not in June or March, 2014 (R.R., p. 10), concluding that Petitioner did not report by mail in May, 2014. (R.R., p. 11). Officer Wright also testified that Petitioner did report in person to an officer in Parker County as Ordered. (R.R., p. 11)

On cross-examination, Officer Wright testified that during the months of January and June, 2014, when mail-in reports were not received, the record indicate Petitioner was reporting in person. (R.R., p. 14)

In response to the State's inquiry as to violation of paragraphs 6A and 6B of the State's Motion, Officer Wright testified as follows: (1) in April, 2011, Petitioner was attending a group session with Karen Clark and petitioner was unsuccessfully discharged from that group (R.R., p. 11) (2) that after the discharge on April 15, 2011, petitioner was given 60 days to reenroll and he did so in August or September, 2011 (R.R., p. 12) but he was discharged again on June 19, 2014 (R.R., p. 13) (3) that the reasons for the discharge included violation of rules regarding taking responsibility for act, failing to pay for and missing group sessions and admitting to a polygraph examiner that he had consumed alcohol. (R.R., p. 13)

On Cross-examination, officer Wright testified that appellant had initially been placed in a sexual assessment program in May or June, 2010 and had been in a program for about a year before his discharge. (R.R., p. 15); that petitioner was discharged for missing multiple group sessions, being delinquent on fees and lying to the counselor and group. (R.R., p. 16); that petitioner was reenrolled in that program for almost three years the second time around for a total of about four years (R.R., p. 18) Officer Wright testified on cross-examination that Petitioner gave a report to him stating Petitioner's wife had been ill and then died and that petitioner told his group that she had just left him and moved to Pennsylvania. (R.R., p. 19) And that petitioner's wife called Officer Wright after Petitioner was arrested for the Motion to Adjudicate. (R.R., p. 19)

Concerning the community service, Officer Wright testified that Petitioner had 94 hours remaining of 480 hours Ordered. (R.R., pp. 19-20)

4.

Following the Court's inquiry of "Give me the Big Picture here", Officer Wright summarized that one of the major things with Supervision and Counseling is that an individual learns from mistakes and learns how to prevent those mistakes from happening in the future; that being manipulative and untruthful with counselors and in sessions indicates that someone would continue to be a danger. (RR., pp. 21-22)

The State advised the Court that there were no other witnesses for the "Guilt/ Innocence portion of this hearing." (R.R., p. 22)

Mr. Cannon called Petitioner as a Witness (R.R., p. 22)

It should be noted Petitioner was not admonished as to his right not to testify.

Petitioner testified that he reported regularily to his probation officer in Parker County and that he never missed any appointments there. (R.R., p. 23) Petitioner testified that his only source of income was SSI disability at $897 per month and Veterans disability of $577 which he receives after his arrest in July 2014 for Motion To Adjudicate (R.R., p. 24-25

Petitioner that he actually had 840 hours of Community Service and it down To 94 hours. That if not for his arrest he had Two mirrors to turn in to complete his remaining hours that were finished. (R.R., p. 27)

Regarding Sex offender Treatment Program, Petitioner testified he was discharged in April because he broke his ankle (R.R., p. 28) That he attended classes every Thursday (R.R., P. 29), that he had some absences as a result of the injury (R.R., p. 31) That he reenrolled in August or September, 2011 (R.R., p. 32) That he did not get completely caught up in the curriculum (R.R. p. 34); that Petitioner was 13 or 14 classes behind (R.R., p. 34), that he had to care for his wife. (R.R., pp. 34-37

On direct examination Petitioner Testified at great length about his efforts regarding the treatment program, the desire To continue treatment and how

5.

he could make up payments, and his desire to complete probation. Petitioner denied that he went to the wrong group sessions. (R.R., p. 46-47). Petitioner further denied that he admitted drinking alcohol. (R.R., p. 48) denied that he said that he never pled guilty to the original offense. (R.R., p. 49) denied that a mail-in report form filed for petitioner says his wife had died (R.R., p. 50); testified that both counselors the polygraph examiner and others are lying; that his ankle injury prevented him from driving so he could not get to group sessions (R.R., pp. 52-53) That he had done everything he was suppose to do while on probation. (R.R. p. 54)

On redirect examination, petitioner testified that there is no completion date for Sex Offender Program (R.R., p. 54) that his understanding was he could make up classes until he was told he was discharged. (R.R., p. 55)

Following Petitioners testimony, the Court found that the allegations in the motion were true. (R.R., p. 57)

It should be noted here that although the Court made a finding of "True", there is no finding of guilty to the original charge. The proceeding went directly to the punishment phase.

Officer Harold Neil Davis, investigator for the Mineral Wells Police Department was called by the State. He testified that he was the investigating officer in the original Sexual Assault case involving Petitioner. Officer Davis stated Petitioner first denied involvement but later admitted to contact with the victim but it was consensual (R.R. p. 59)

Mr. Cannon objected to hearsay evidence, which objection was sustained by the Court (R.R., pp. 60-61) It is noted this objection was the only objection made by Mr. Cannon.

Following argument by both counsel, the Court found Petitioner guilty of the offense of Sexual Assault as alleged in the Indictment. (R.R., p. 67)

It should be noted here that there were no formal sentencing

6.

procedure wherein Petitioner was sentenced to the Texas Department of Criminal Justice and his custody remanded to the Sheriff. The proceedings were adjourned (R.R., p. 69)

Petitioner was not harmed by the rulings of the Court during the hearing, However, the representation of Petitioner by Trial counsel was inadequate and ineffective and not for Counsels errors the results of this proceeding would have differed.

## Issues Presented (Re-stated)

Issue No. One: Insufficient evidence that petitioner failed to report to the Community Supervision Officer as alleged in The Motion To Proceed With Adjudication of Guilt.

The State's Motion To Adjudicate alleges in Paragraph 1 as follows:
"1. Said Defendant failed to report each month as directed for the Months of January, May and June, 2014." (C.R. p. 14)

Petitioner entered a plea of "Not True" to paragraph one (1) of the States Motion to Proceed with an Adjudication of guilt. (R.R., p. 7)

The Court found that "the allegations of the Motions are True." (R.R., p. 57), including The allegations made in Paragraph 1 to which Petitioner had entered a plea of "not True".

Probation officer Jake Wright testified that Petitioner was a resident of Parker County and was being Supervised by an officer there and was directed to mail a report each month. (R.R., p. 10) Officer Wright concluded that No mail in report was received in January or June 2014 but did in fact report in person. So There would be No need to mail in a report. Officer wright also states after a review of his records that Petitioner did report in

7.

May by mail. (R.R., p.11) Thus proving allegation in Paragraph 1 to be "un True"

The evidence is unclear as to which months Petitioner may have failed to mail a report in to the probation officer. However, it is undisputed Petitioner reported in person as directed for each of the months stated. The evidence is insufficient that Petitioner violated paragraph 1 as alleged. The Court abused its discretion in finding "All" of the allegations of the Motion were True.

Issue No. Two: Petitioner's plea was involuntarily and unknowingly made.

Article 26.13, Tex. C.C.P provides, in part as follows:

"(a) Prior to accepting a plea of guilty or a plea of nolo contendere, the Court shall admonish the defendant of:

(1) The range of punishment attached to the offense;......

(b) No plea of guilty or Nolo Contendere shall be accepted by the Court unless it appears that the defendant is mentally competent and the plea is free and voluntary......"

After the parties announced ready and the reading of the States Motion was waived (R.R., p.6), The Court inquired of Petitioner if he was familiar with its contents, of what is alleged in the Motion; and he understood the purpose of the hearing. Petitioner answered yes. (R.R., pp. 6-7)

The Court then took Petitioner's plea, inquiring if Petitioner was pleading "True" to the allegations because of any threats or promises, whether anyone forced Petitioner to do it, and if Petitioner was pleading "True" to some of the allegations because they are "True" Counsel answered the Court that he felt that Petitioner was competent to enter the plea. (R.R. pp. 7-8)

However, the Court did not ask or permit Petitioner to articulate, in his own words, what would happen at the hearing. Further, The Court did

8.

not admonish Petitioner that he had a right to plead "Not True" to each allegation; to require the State to call witnesses and prove each element of the Motion by a preponderance of the evidence; that Petitioner's attorney cross-examine the witnesses, that Petitioner could testify in his own behalf and call witnesses of his own; that if after the close of the evidence the Court were to find that the State had not proven the allegations by a preponderance of the evidence, there would be no adjudication of guilt and he could not be sent to the Texas Department of Criminal Justice. Walker v. State 524 S.W. 2d 712 see also Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709 (1969)

Without the additional opportunity to articulate what the hearing was about and the additional admonishment, there is certainly some doubt that Petitioner truly understood what could occur if he persisted in his plea of "True" It is very clear Petitioner on direct and cross examination addresses every allegation as being untrue but yet he plead True. The only explaination to this behavior is Petitioner was not competent in fully understanding the allegations against him.

Further, prior to Petitioner testifying in his own behalf, Petitioner was not admonished as to his privilege against self-incrimination. Petitioner was called to the stand, sworn, and began direct testimony. (R.R., p. 22) Art. 1.05 Tex. C.C.P. provides, in part as follows:

".. He (the accused) shall not be compelled to give evidence against himself...." (Parenthesis added)

Without an admonishment to the Petitioner that he had the right to remain silent; that he could not be compelled to testify against himself; that if he did testify, anything that he said could be used against him; and that the State had the right to cross-examine him, there is again some doubt that Petitioner's actions were freely and voluntarily made.

9.

Issue No. Three: Ineffective Assistance of Counsel

The Courts have long adopted a two-prong test in review of the effectiveness of counsel:

1. The Petitioner must show that counsels representation falls below an objective standard of reasonableness and;

2. The Petitioner must show that there is a reasonable probality that Counsels deficient performance prejudiced the defense.

See Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed. 2d 674 (1984) Further, the reviewing court "must indulge a strong presumption that counsels conduct falls within the wide range of reasonable professional assistance," Strickland, 80 L.Ed 2d at 694. Applying the above standards to the instant case, There is evidence that Petitioner was denied the effective assistance of his attorney. There is evidence Petitioner's plea of True to the alleged allegations was determined and entered on the Erroneous advice and errors of his Trial attorney for Motion to Adjudicate. It is clear that Petitioner was not competent in his understanding of the preceeding before him. Although his attorney announced he was competent (R.R., p. 8) However, Petitioner is placed on the stand to Testify and deny every allegation State alleged. But yet Petitioner, previously plea "True" to allegations 2,3,4,5, 6A and 6B. Mr. Cannon failed to Object to the Courts Question of Mr. Wright in reference to "The Big Picture" relating to Petitioner. Mr. Wright is not and was not sworn in to testify or give psychiatric testimony regarding Sex offenders and their thought process. Mr. Wright testifies to: " I guess the biggest picture was summarized by his most recent counselor whenever he discharged him. And it's one of the major things with being on supervision and going to counseling is that you learn from

10.

the mistakes that you've made and how to prevent those mistakes from happening in the future. And one of the biggest things that they preach is you have to take responsibility for your offense, and that's never anything Mr. Piatt has done." Which that is untrue based upon the record in Petitioners Original Trial he plead guilty and that's taking responsibility for his offense. Mr. Wright further states "And being truthful - being manipulative and untruthful with your counselor and in sessions, you're not going to get anything out of treatment." Based upon the record Petitioner was given polygraph tests to determine deceptive traits. Petitioner was never found to be deceptive Moreover, Polygraphs and/or results are not admissable in court. No one individual processess Thoughts alike some are faster and some are slower than others. What Petitioner gets or learns from Treatment No one could ever definetly testify to. Mr. Cannon failed to Motion To Quash The allegations once paragraph 1 was found to be untrue (R.R., pp. 10-11) Mr. Wright's notes were wrong so therefore, the credibility of his entire testimony with notes are in question. There are No other witnesses To The Allegations made by State to prove the elements other than the notes of Mr. Wright in which we all see are deceptive. We cannot discern what period of discharge from Treatment centers apply. There is No clear reason why Petitioner was discharged from Mr. Braun's Therapy classes due to the fact Petitioner Testifies to not being able to make a meeting at 4pm but was allowed to make the 7pm session. That cannot be credited to missing group (R.R., p. 48) There is No evidence Introduced with the exact dates and Times Petitioner allegedly missed 10-14 sessions nor Is there any record Introduced as to when Petitioner attended group only Mr. Wright's notes. There is No evidence Introduced as to The Total amount of fee's owed by Petitioner by Mr. Wright in regards To probation and group fees owed That's included In the record other than a statement.

11.

The defense has a right to face it's accuser. Ms. Clark's reason for Petitioner's discharge is never stated or introduced into evidence. Other than the testimony of Petitioner "You've got to get caught up on your payments." Petitioner was never told an amount of money that he was behind, yet he was making double payments. (R.R., p 34.) There is No evidence introduced to prove Petitioner had indulged In alcohol through testing for alcohol nor is There evidence to prove Petitioner failed any drug test, but instead he passed them all. Mr. Cannon failed to Motion the Court to dismiss the Motion to Adjudicate on the "No Evidence" clause. There is insufficient and No Evidence to find the allegations "true". Mr. Cannon failed to obtain the Medical reports from the Hospitals to prove Petitioners cause in missing classes for his broken ankle and wife's condition. Mr. Cannon failed to Object to the mail in form That Ms. Massey shows to Petitioner who denied the handwriting as his handwriting. Mr. Cannon failed to Motion the Court to Modify The payments to probation on Petitioner's behalf. It is very clear what the Trial Court for Motion to Adjudicate states as The Big Picture. That is Lack of Money by the Petitioner. If for not the errors of Petitioners Counsel Mr. Cannon the outcome of this preceeding would had been different.

### In Conclusion

This was not a preceeding about a person who was not trying to do and abide by his probation, but in reality it was a disabled person with limited income Trying to do the best he could. Treatment Isn't about treatment any Sex offender can testify to that. Treatment Is about the ability to pay for the services. If you cannot afford to pay your rent you will get kicked out. The same Concept applies to Treatment and to this

12.

preceeding. Petitioner was in a hole, He could not afford to make all the payments and if you cant pay to get into the movie or concert you cant come in but there is No evidence to how or what determines an absence. But what we do know is Petitioner is disabled living on less than $900 a month attempting to pay rent the cost of living and Probation fees not to mention the Price of Treatment. The ability to pay the expenses of treatment may not be ground for denying probation and the failure to pay the expenses of treatment because of financial inability may not be a ground for revocation of probation. Furthermore A modification of the probation fees was available and trial Court for Motion to adjudicate completely missed the Big Picture.

Petitioner would submit to the Court that he has carefully reviewed the records with an eye toward possible error. All possible errors were researched to determine preservation and harm. It is the opinion of Petitioner at the conclusion of this review that error was committed in the representation of effective assistance of Counsel, Insufficient Evidence as to No Evidence included to the sufficiency of the evidence introduced and the lack of admonishments to Petitioner causing harm To Petitioner resulting in the plea of "True" to the allegations made by Petitioner which was entered involuntarily and unknowingly and a finding of true by the trial Court thus would require a reversal by This Court.

## Prayer for Relief

\WHEREFORE, PREMISES, CONSIDERED, Petitioner prays This Court grants this Petition for Discretionary Review in consideration of the arguments and Reasons presented above.

respectfully Submitted,
Albert Melvin Piatt, petitioner

Albert Melvin Piatt #1955398
4000 Hwy 86 West
Tulia, TX. 79088

13.

## Certificate of Service

    This is to certify that a true and correct copy of the foregoing Petition For Discretionary Review was mailed U.S. mail postage pre paid To Abeal Acosta, clerk of Criminal Appeals, PO Box 12308, Austin, Tx. 78911-2308 on this 26th day of May, 2015.

Albert Melvin Piatt - Petitioner pro se

Albert Melvin Piatt #1955398

Tulia Transfer Facility

4000 Hwy 86 West

Tulia, Tx. 79088

14.



In The

# Eleventh Court of Appeals

## No. 11-14-00238-CR

## ALBERT MELVIN PIATT, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 29th District Court**
**Palo Pinto County, Texas**
**Trial Court Cause No. 14229**

## MEMORANDUM OPINION

Pursuant to a plea agreement, Albert Melvin Piatt pleaded guilty in March 2010 to the second-degree felony offense of sexual assault. The trial court deferred a finding of guilt, placed Appellant on deferred adjudication community supervision for a term of ten years, and assessed a fine of $3,500. In July 2014, the State filed a motion to proceed to an adjudication of guilt based upon alleged violations—numbered 1 to 6b in the motion—by Appellant of the terms and conditions of his community supervision. At a hearing on the motion, Appellant

pleaded "not true" to allegation 1 and "true" to allegations 2, 3, 4, 5, 6a, and 6b. After receiving evidence, the trial court found all the State's allegations to be true, adjudicated Appellant guilty of the charged offense, and assessed Appellant's punishment at confinement for fifteen years and a fine of $3,500. We dismiss the appeal.

Appellant's court-appointed counsel has filed a motion to withdraw. The motion is supported by a brief in which counsel professionally and conscientiously examines the record and states that he has concluded that the appeal is frivolous. Counsel has provided Appellant with a copy of the motion to withdraw, the brief, the reporter's record, the clerk's record, and the supplemental clerk's record, and counsel has advised Appellant of his right to review the record and file a response to counsel's brief. A response has not been filed.[1] Court-appointed counsel has complied with the requirements of *Anders v. California*, 386 U.S. 738 (1967); *Kelly v. State*, 436 S.W.3d 313 (Tex. Crim. App. 2014); *In re Schulman*, 252 S.W.3d 403 (Tex. Crim. App. 2008); *Stafford v. State*, 813 S.W.2d 503 (Tex. Crim. App. 1991); *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. 1978); *Currie v. State*, 516 S.W.2d 684 (Tex. Crim. App. 1974); *Gainous v. State*, 436 S.W.2d 137 (Tex. Crim. App. 1969); and *Eaden v. State*, 161 S.W.3d 173 (Tex. App.—Eastland 2005, no pet.).

Following the procedures outlined in *Anders* and *Schulman*, we have independently reviewed the record, and we agree that the appeal is without merit and should be dismissed. *Schulman*, 252 S.W.3d at 409. In this regard, a plea of true to an alleged violation standing alone is sufficient to support a trial court's decision to revoke community supervision and to proceed to an adjudication of guilt. *See Moses v. State*, 590 S.W.2d 469, 470 (Tex. Crim. App. 1979).

---

[1] By letter, this court granted Appellant thirty days in which to exercise his right to file a response to counsel's brief.

2

We note that counsel has the responsibility to advise Appellant that he may file a petition for discretionary review with the clerk of the Texas Court of Criminal Appeals seeking review by that court. TEX. R. APP. P. 48.4 ("In criminal cases, the attorney representing the defendant on appeal shall, within five days after the opinion is handed down, send his client a copy of the opinion and judgment, along with notification of the defendant's right to file a *pro se* petition for discretionary review under Rule 68."). Likewise, this court advises Appellant that he may file a petition for discretionary review pursuant to TEX. R. APP. P. 68.

The motion to withdraw is granted, and the appeal is dismissed.

PER CURIAM

March 5, 2015

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.

3