**Opinion filed September 17, 2015**



## In The

# Eleventh Court of Appeals

_____

## No. 11-15-00091-CR

_____

## JOSEPH PAUL JONES, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 106th District Court**

**Dawson County, Texas**

**Trial Court Cause No. 12-7178**

### M E M O R A N D U M   O P I N I O N

Appellant, Joseph Paul Jones, pleaded guilty to the offense of theft, a state jail felony. Pursuant to the terms of the plea agreement, the trial court convicted Appellant, assessed his punishment, ordered him to pay restitution, suspended the confinement portion of Appellant's punishment, and placed him on community supervision. The State subsequently filed an application to revoke Appellant's community supervision. After a contested hearing on revocation, the trial court found numerous allegations to be true, revoked Appellant's community

supervision, assessed his punishment at confinement for two years in a state jail facility and a fine of $740, and ordered restitution in the amount of $14,056. We dismiss the appeal.

Appellant's court-appointed counsel has filed a motion to withdraw. The motion is supported by a brief in which counsel professionally and conscientiously examines the record and applicable law and states that he has concluded that the appeal is frivolous and without merit. Counsel has provided Appellant with a copy of the brief, a copy of the motion to withdraw, an explanatory letter, and a copy of the reporter's record and the clerk's record. Counsel also advised Appellant of his right to review the record and file a response to counsel's brief. Appellant has not filed a pro se response.[1]

Court-appointed counsel has complied with the requirements of *Anders v. California*, 386 U.S. 738 (1967); *Kelly v. State*, 436 S.W.3d 313 (Tex. Crim. App. 2014); *In re Schulman*, 252 S.W.3d 403 (Tex. Crim. App. 2008); *Stafford v. State*, 813 S.W.2d 503 (Tex. Crim. App. 1991); *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. [Panel Op.] 1978); *Currie v. State*, 516 S.W.2d 684 (Tex. Crim. App. 1974); *Gainous v. State*, 436 S.W.2d 137 (Tex. Crim. App. 1969); and *Eaden v. State*, 161 S.W.3d 173 (Tex. App.—Eastland 2005, no pet.). In addressing an *Anders* brief and pro se response, a court of appeals may only determine (1) that the appeal is wholly frivolous and issue an opinion explaining that it has reviewed the record and finds no reversible error or (2) that arguable grounds for appeal exist and remand the cause to the trial court so that new counsel may be appointed to brief the issues. *Schulman*, 252 S.W.3d at 409; *Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005).

---

[1]By letter, this court granted Appellant thirty days in which to exercise his right to file a response to counsel's brief.

Following the procedures outlined in *Anders* and *Schulman*, we have independently reviewed the record, and we agree that the appeal is without merit and should be dismissed. *Schulman*, 252 S.W.3d at 409. The record from the contested hearing shows that Appellant admitted to some of the alleged violations of the terms and conditions of his community supervision; Appellant testified at the hearing that the allegations regarding his marihuana use, failure to report, failure to pay probation fees, and possession of marihuana were true. Four other witnesses testified about these and other violations by Appellant of the terms and conditions of his community supervision as alleged in the State's application to revoke. No evidentiary objections were lodged at the revocation hearing. Based upon our review of the record, we agree with appellate counsel that no arguable grounds for appeal exist.

We note that counsel has the responsibility to advise Appellant that he may file a petition for discretionary review with the clerk of the Texas Court of Criminal Appeals seeking review by that court. TEX. R. APP. P. 48.4 ("In criminal cases, the attorney representing the defendant on appeal shall, within five days after the opinion is handed down, send his client a copy of the opinion and judgment, along with notification of the defendant's right to file a *pro se* petition for discretionary review under Rule 68."). Likewise, this court advises Appellant that he may file a petition for discretionary review pursuant to TEX. R. APP. P. 68.

The motion to withdraw is granted, and the appeal is dismissed.

PER CURIAM

September 17, 2015

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.

3