**Opinion filed August 31, 2016**



In The

# Eleventh Court of Appeals

_____

## No. 11-15-00273-CR

_____

## DUSTY LEE WILSON, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 35th District Court**
**Brown County, Texas**
**Trial Court Cause No. CR18548**

### MEMORANDUM OPINION

Appellant, Dusty Lee Wilson, originally pleaded no contest to the second-degree felony offense of aggravated assault with a deadly weapon. Pursuant to the terms of the plea agreement, the trial court deferred the adjudication of Appellant's guilt. The State subsequently filed a motion to adjudicate, and the trial court adjudicated Appellant's guilt upon his plea of true to the State's allegations. The trial court convicted Appellant, assessed his punishment at confinement for ten years, suspended the imposition of the confinement, and again placed Appellant on

community supervision for ten years. Several months later, the State filed a motion to revoke Appellant's community supervision. After a contested hearing on revocation, the trial court found the State's allegations to be true, revoked Appellant's community supervision, and sentenced him to confinement for eight years. We dismiss the appeal.

Appellant's court-appointed counsel has filed a motion to withdraw. The motion is supported by a brief in which counsel professionally and conscientiously examines the record and applicable law and states that he has concluded that there are no arguable issues of reversible error. Counsel has provided Appellant with a copy of the brief, a copy of the motion to withdraw, an explanatory letter, and a copy of both the reporter's record and the clerk's record. Counsel also advised Appellant of his right to review the record and file a response to counsel's brief.[1] Appellant has not filed a response.

Court-appointed counsel has complied with the requirements of *Anders v. California*, 386 U.S. 738 (1967); *Kelly v. State*, 436 S.W.3d 313 (Tex. Crim. App. 2014); *In re Schulman*, 252 S.W.3d 403 (Tex. Crim. App. 2008); *Stafford v. State*, 813 S.W.2d 503 (Tex. Crim. App. 1991); *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. [Panel Op.] 1978); *Currie v. State*, 516 S.W.2d 684 (Tex. Crim. App. 1974); *Gainous v. State*, 436 S.W.2d 137 (Tex. Crim. App. 1969); and *Eaden v. State*, 161 S.W.3d 173 (Tex. App.—Eastland 2005, no pet.).

Following the procedures outlined in *Anders* and *Schulman*, we have independently reviewed the record, and we agree that the appeal is without merit and should be dismissed. *Schulman*, 252 S.W.3d at 409. We note that proof of one violation of the terms and conditions of community supervision is sufficient to

---

[1]This court granted Appellant more than thirty days in which to exercise his right to file a response to counsel's brief.

support revocation. *Smith v. State*, 286 S.W.3d 333, 342 (Tex. Crim. App. 2009). Based upon our review of the record, we agree with counsel that no arguable grounds for appeal exist.

We note that counsel has the responsibility to advise Appellant that he may file a petition for discretionary review with the clerk of the Texas Court of Criminal Appeals seeking review by that court. TEX. R. APP. P. 48.4 ("In criminal cases, the attorney representing the defendant on appeal shall, within five days after the opinion is handed down, send his client a copy of the opinion and judgment, along with notification of the defendant's right to file a *pro se* petition for discretionary review under Rule 68."). Likewise, this court advises Appellant that he may file a petition for discretionary review pursuant to TEX. R. APP. P. 68.

The motion to withdraw is granted, and the appeal is dismissed.


PER CURIAM


August 31, 2016

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.