**Opinion filed July 20, 2017**



## In The

# Eleventh Court of Appeals

_____

## No. 11-17-00001-CR

_____

## BRANDON MICHAEL BRETH, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 42nd District Court**

**Taylor County, Texas**

**Trial Court Cause No. 26337A**

### M E M O R A N D U M   O P I N I O N

Based upon an open plea of guilty in this cause, the trial court convicted Brandon Michael Breth of the offense of assault family violence. The offense was enhanced by a prior conviction for assault against a family member, and the punishment was further enhanced by a prior felony conviction for the assault of a public servant—allegations to which Appellant pleaded true. The trial court held a

hearing as to punishment, convicted Appellant of the offense, found the enhancement allegation to be true, and assessed Appellant's punishment at confinement for twelve years. We dismiss the appeal.

Appellant's counsel has filed a motion to withdraw. The motion is supported by a brief in which counsel professionally and conscientiously examines the record and applicable law and concludes that the appeal is frivolous and without merit. Counsel has provided Appellant with a copy of the brief, the motion to withdraw, and a motion for pro se access to the appellate record. Counsel also advised Appellant of his right to review the record and file a response to counsel's brief. Appellant has not filed a response.[1]

Court-appointed counsel has complied with the requirements of *Anders v. California*, 386 U.S. 738 (1967); *Kelly v. State*, 436 S.W.3d 313 (Tex. Crim. App. 2014); *In re Schulman*, 252 S.W.3d 403 (Tex. Crim. App. 2008); *Stafford v. State*, 813 S.W.2d 503 (Tex. Crim. App. 1991); *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. [Panel Op.] 1978); *Currie v. State*, 516 S.W.2d 684 (Tex. Crim. App. 1974); *Gainous v. State*, 436 S.W.2d 137 (Tex. Crim. App. 1969); and *Eaden v. State*, 161 S.W.3d 173 (Tex. App.—Eastland 2005, no pet.). In addressing an *Anders* brief and pro se response, a court of appeals may only determine (1) that the appeal is wholly frivolous and issue an opinion explaining that it has reviewed the record and finds no reversible error or (2) that arguable grounds for appeal exist and remand the cause to the trial court so that new counsel may be appointed to brief the issues. *Schulman*, 252 S.W.3d at 409; *Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005). Following the procedures outlined in *Anders* and *Schulman*, we have independently reviewed the record, and we agree that the appeal is without merit and should be dismissed. *See Schulman*, 252 S.W.3d at 409.

---

[1]This court granted Appellant thirty days in which to exercise his right to file a response to counsel's brief.

We note that counsel has the responsibility to advise Appellant that he may file a petition for discretionary review with the clerk of the Texas Court of Criminal Appeals seeking review by that court. TEX. R. APP. P. 48.4 ("In criminal cases, the attorney representing the defendant on appeal shall, within five days after the opinion is handed down, send his client a copy of the opinion and judgment, along with notification of the defendant's right to file a *pro se* petition for discretionary review under Rule 68."). Likewise, this court advises Appellant that he may file a petition for discretionary review pursuant to TEX. R. APP. P. 68.

We grant the motion to withdraw, and we dismiss the appeal.

PER CURIAM

July 20, 2017

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.

3