**Opinion filed January 5, 2018**



In The

# Eleventh Court of Appeals

_____

## Nos. 11-17-00168-CR, 11-17-00169-CR, & 11-17-00170-CR

_____

## LANCE STEELE WALLACE, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 29th District Court**

**Palo Pinto County, Texas**

**Trial Court Cause Nos. 16027, 16042, & 16261**

## M E M O R A N D U M   O P I N I O N

Lance Steele Wallace entered an open plea of guilty to one count of delivery of more than four grams of methamphetamine and to two counts of possession of less than one gram of methamphetamine. The trial court accepted Appellant's pleas, held a hearing as to punishment, and convicted Appellant of the offenses. For the offense of delivery of methamphetamine, the trial court assessed Appellant's punishment at confinement for forty-five years in the Institutional Division of the Texas Department of Criminal Justice and a fine of $2,500. For each of the other

two offenses, the trial court assessed Appellant's punishment at confinement for twenty-four months in a state jail facility—to run concurrently with the 45-year sentence. We dismiss the appeals.

Appellant's court-appointed counsel has filed a motion to withdraw in each appeal. Each motion is supported by a brief in which counsel professionally and conscientiously examines the record and applicable law and concludes that the appeals are frivolous and without merit. Counsel has provided Appellant with a copy of the briefs, the motions to withdraw, a form motion for access to the appellate records, and an explanatory letter. Counsel also advised Appellant of his right to review the records and file a response to counsel's briefs. Court-appointed counsel has complied with the requirements of *Anders v. California*, 386 U.S. 738 (1967); *Kelly v. State*, 436 S.W.3d 313 (Tex. Crim. App. 2014); *In re Schulman*, 252 S.W.3d 403 (Tex. Crim. App. 2008); *Stafford v. State*, 813 S.W.2d 503 (Tex. Crim. App. 1991); *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. [Panel Op.] 1978); *Currie v. State*, 516 S.W.2d 684 (Tex. Crim. App. 1974); *Gainous v. State*, 436 S.W.2d 137 (Tex. Crim. App. 1969); and *Eaden v. State*, 161 S.W.3d 173 (Tex. App.—Eastland 2005, no pet.).

Appellant filed a motion for pro se access to the appellate records in this court, and the clerk of this court sent the records to Appellant. Appellant subsequently filed a response to counsel's *Anders* briefs. In his response, Appellant contends that extraneous bad acts were improperly admitted during the punishment phase of trial and that he received ineffective assistance of counsel at trial. In this regard, we note that, with respect to allegations of ineffective assistance of counsel, the record on direct appeal is generally undeveloped and rarely sufficient to overcome the presumption that trial counsel rendered effective assistance. *See Thompson v. State*, 9 S.W.3d 808, 813–14 (Tex. Crim. App. 1999).

In addressing an *Anders* brief and pro se response, a court of appeals may only determine (1) that the appeal is wholly frivolous and issue an opinion explaining that it has reviewed the record and finds no reversible error or (2) that arguable grounds for appeal exist and remand the cause to the trial court so that new counsel may be appointed to brief the issues. *Schulman*, 252 S.W.3d at 409; *Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005). Following the procedures outlined in *Anders* and *Schulman*, we have independently reviewed the records, and we agree that the appeals are without merit and should be dismissed. *See Schulman*, 252 S.W.3d at 409.

We note that counsel has the responsibility to advise Appellant that he may file a petition for discretionary review with the clerk of the Texas Court of Criminal Appeals seeking review by that court. TEX. R. APP. P. 48.4 ("In criminal cases, the attorney representing the defendant on appeal shall, within five days after the opinion is handed down, send his client a copy of the opinion and judgment, along with notification of the defendant's right to file a *pro se* petition for discretionary review under Rule 68."). Likewise, this court advises Appellant that he may file a petition for discretionary review pursuant to TEX. R. APP. P. 68.

We grant the motion to withdraw in each cause, and we dismiss the appeals.

PER CURIAM

January 5, 2018

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Willson, J.,
Bailey, J., and Wright, S.C.J.[1]

---

[1]Jim R. Wright, Senior Chief Justice (Retired), Court of Appeals, 11th District of Texas at Eastland, sitting by assignment.